UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL,<br><br>        Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOME, et al.,[1]<br><br>        Defendants. | No. 2:19-cv-1680 JAM AC P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are plaintiff's motions for preliminary injunction[2] and his motion for witness protection. <u>See</u> generally ECF No. 1 at 4-9, 11; <u>see also</u> ECF Nos. 6, 12. For the reasons stated below, the undersigned recommends that plaintiff's preliminary injunction motions and his motion to receive witness protection be denied.

---

[1] Gavin Newsom, Governor of the State of California, is named as a defendant in this action. <u>See</u> ECF No. 1 at 1. The court will direct the Clerk of Court to correct the spelling of Governor Newsom's last name in the case caption of the court's docket.

[2] In plaintiff's second preliminary injunction motion, filed September 9, 2019, he asks that the court return a copy of the motion and its exhibits to him because the copy filed with the court was the only one he had, and he is unable to go to the prison library to make copies. <u>See</u> generally ECF No. 6 at 7. As a one-time courtesy, the court will direct the Clerk of Court to do so.

1

I.      PLAINTIFF'S PRELIMINARY INJUNCTION AND WITNESS PROTECTION MOTIONS

    A.      Preliminary Injunction Motions

In plaintiff's complaint filed August 27, 2019, he names as defendants Governor Gavin Newsom; Director of California Department of Corrections and Rehabilitation ("CDCR") Ralph Diaz; California State Prison – Corcoran ("CSP-Corcoran") Warden Ken Clark; Chief Deputy Warden Gamboa; Captain Gallagher; Appeals Coordinator J. Ceballos, and Correctional Officer Vera.[3] See ECF No. 1 at 1-3. Plaintiff effectively requests that a preliminary injunction issue that transfers him to "safe fed[eral] custody"[4] and that a permanent restraining order issue on "all of CDCR." See generally id. at 4-9, 11 (brackets added). He contends that injunctive relief should be granted because he is anticipating a transfer to a different prison in December where he may be "exposed to threats from violent [and] sexual predators." See id. at 4. According to plaintiff, "all gang members [are] a threat to [him]." Id. at 4. He seeks transfer "to [a] non-violent atmosphere or [to] segregated housing in federal custody" so that he may "avoid imminent danger [and] accumulative [sic] psychological damage from prolonged anxiety [and] stress." Id. at 7.

In plaintiff's second, stand-alone preliminary injunction request filed September 9, 2019, he reiterates his request for an injunction his immediate transfer to the custody of the Federal Bureau of Prisons. See ECF No. 6 at 1. He claims that the CDCR's refusal to keep him permanently segregated from prison gang members constitutes a denial of his rights to due process. See id. at 3. Plaintiff also states that he fears being attacked by gang members in part because he has reported how they have assaulted other inmates on behalf of the police. See id. at 3-4. He asserts that the CDCR is actively trying to send him to a prison where he can be attacked by gangs. See id. at 4.

////

---

[3] Unless otherwise specified, all defendants are employed at CSP-Corcoran.
[4] When addressing these motions herein, the undersigned need not and does not speculate on this court's ability to transfer an inmate who is currently in state custody to federal custody.

Plaintiff further asserts that he has been threatened with serious bodily injury by defendant Vera, a correctional officer, despite the fact that he has never interacted with him otherwise. See id. at 4. He claims that the threats from prison officials are "having severe psychologically harmful [e]ffects" on him, and states that his reporting of the threats has been ignored. See id. at 4-5 (brackets added). These facts, plaintiff argues, further justify a grant of this preliminary injunction motion. See id. at 5.

      B.    Motion to be Placed in a Witness Protection Program

Plaintiff's motion for witness protection, filed November 7, 2019, appears to be an extension of his preliminary injunction motions. It asks that the court remove him from CSP-Corcoran and place him in a witness protection program, in light of the claims made and facts stated in his preliminary injunction motion. See generally ECF No. 12 at 1. Plaintiff contends that his placement into witness protection is necessary because he is in imminent danger of serious harm or death. See id.

II.    APPLICABLE LAW

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor, and (4) an injunction is in the public interest. See Stormans, Inc., 586 F.3d at 1127 (citing Winter, 555 U.S. at 20).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32

(9th Cir. 2011). "A preliminary injunction is an 'extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted).

III. DISCUSSION

    A. Preliminary Injunction Motions

Plaintiff's motions for preliminary injunctive relief should be denied for several reasons. First, they are premature. The court has not obtained personal jurisdiction over any of the defendants since they have not yet been served with process in this action. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); see also Local Rule 231(a) (stating TRO shall not be granted in the absence of actual notice to the affected party or counsel except in the most extraordinary of circumstances).

Next, even if jurisdiction over defendants had attached, plaintiff has failed to meet the requirements for injunctive relief laid out in Winter. Specifically, plaintiff has failed to establish that he is likely to suffer irreparable harm if an injunction does not issue that transfers him to federal custody. All plaintiff's statements regarding future harm are conclusory and speculative. He fails to show that he has been harmed in the past by gangs in state prison or by state prison officials either at CSP-Corcoran or elsewhere. See generally ECF Nos. 1, 6, 12. With respect to defendant Vera's alleged threat to inflict serious bodily harm on plaintiff, this reportedly occurred in September of this year. See ECF No. 6 at 1, 4. However, more than two months later, in his request to be placed in a witness protection program, plaintiff makes no claim that defendant Vera followed through on the alleged threat, nor does he make a claim that irreparable harm has come to him at the hands of other prison officials or inmates since he filed his injunction motions. See generally ECF No. 12.

In sum, all plaintiff offers in support of his requests for injunctive relief is an unsupported belief that he *may* be harmed *if* he is transferred to another state prison. Speculative injury does not constitute irreparable harm. Caribbean Marine Servs. Co., Inc., 844 F.2d at 674.

////

| | |
|---|---|
| 1 | Finally, plaintiff has not established that any hardships exist, let alone that they tip in his |
| 2 | favor. See generally Winter, 555 U.S. at 20. Accordingly, a grant of his preliminary injunction |
| 3 | motions is not in the public's interest. See generally id. For these reasons, the motions should be |
| 4 | denied. |
| 5 | B.  Plaintiff's Motion to be Placed in a Witness Protection Program |
| 6 | The undersigned is unaware of any authority for the proposition that plaintiff has a |
| 7 | constitutional right to be placed in a witness protection program based upon speculative future |
| 8 | harm. Plaintiff's motion does not cite to any law in support of this request. See generally ECF |
| 9 | No. 12. There is also no indication that plaintiff is actually serving as a witness in any active |
| 10 | investigation or proceeding, and the undersigned is unaware of any precedent for court-ordered |
| 11 | participation in a witness protection program. For all these reasons, the motion should be denied |
| 12 | Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall: |
| 13 | 1. Change the spelling of Governor Newsom's name from "Newsome" to "Newsom" in |
| 14 | the case caption of the court's docket, and |
| 15 | 2. Print out and send plaintiff a copy of his motion for a preliminary injunction (ECF No. |
| 16 | 6) as a one-time courtesy. |
| 17 | IT IS FURTHER RECOMMENDED that: |
| 18 | 1. Plaintiff's motion for a preliminary injunction included in his complaint, ECF No. 1 at |
| 19 | 4-9, 11, be DENIED; |
| 20 | 2. Plaintiff's motion for a preliminary injunction, ECF No. 6, be DENIED, and |
| 21 | 3. Plaintiff's motion to be placed in a witness protection program, ECF No. 12, be |
| 22 | DENIED. |
| 23 | These findings and recommendations are submitted to the United States District Judge |
| 24 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 25 | after being served with these findings and recommendations, plaintiff may file written objections |
| 26 | with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings |
| 27 | //// |
| 28 | //// |

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 25, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE