UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL,<br><br>            Plaintiff,<br><br>     v.<br><br>GAVIN NEWSOM, et al.,<br><br>            Defendants. | No.  2:19-cv-1680 JAM AC P<br><br><br>ORDER |

Plaintiff has requested the appointment of counsel. ECF No. 24.  In support of the motion, plaintiff claims that the librarians at the prison law library are denying him access to supplies, e.g., envelopes, paper. See id.  He also asserts that his requests for legal research are not being answered. See id.  Plaintiff contends that these problems are affecting his access to the courts and that they would be resolved if he had access to a paralegal. See id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (finding district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

The court notes that the instant action has yet to be screened and that plaintiff has filed a motion to amend the original complaint, which is also pending.  See ECF No. 19.  As a result the likelihood of plaintiff's success on the merits, as well as his ability to articulate his claims pro se, have yet to be determined.  For these reasons, the court does not find the required exceptional circumstances at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 24) is DENIED.

DATED: November 3, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2