UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL,<br><br>    Plaintiff,<br><br>  v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:19-cv-1680 JAM AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are plaintiff's motion to amend the complaint and his motion for a settlement conference. ECF Nos. 19, 23. For the reasons stated below, the motion to amend the complaint will be granted, and the motion to calendar a settlement conference will be denied.

I.  MOTION TO AMEND THE COMPLAINT

Plaintiff's initial complaint, ECF No. 1, has not yet been screened pursuant to 28 U.S.C. § 1915A. The motion to amend, ECF No. 19, presents an additional claim that plaintiff would like to add to the complaint. However, plaintiff has not submitted a proposed amended complaint that is complete within itself and contains all claims that plaintiff wishes to pursue.

////

1      A litigant may amend a pleading upon leave granted by the court.  Fed. R. Civ. P.
2  15(a)(2).  Because it appears that plaintiff's newly-presented claim involves at least one of the
3  defendants named in the original complaint, and that claim may be related to those in the original
4  complaint (compare ECF No. 1, with ECF No. 19), the court will grant leave to amend.
5  However, the granting of plaintiff's motion does not mean that he has amended his complaint.
6      Plaintiff must file a First Amended Complaint which includes all the claims in his original
7  complaint and the new claim that he wishes to add.  The Clerk of Court will be directed to send
8  plaintiff a new copy of the court's civil rights complaint form.  The new complaint must adhere to
9  the guidelines below, and will be screened under 28 U.S.C. § 1915A.
10     Plaintiff's amended complaint will take the place of his original complaint.  See Lacey v.
11 Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original
12 complaint).  For this reason, an amended complaint must be written or typed so that it is complete
13 in itself without reference to any earlier filed complaint.  See Local Rule 220.  Any amended
14 complaint filed also should observe the following.
15     An amended complaint must allege facts establishing the existence of federal jurisdiction.
16 In addition, it must contain a short and plain statement of plaintiff's claims.  See Fed. R. Civ. P. 8.
17 It must not require the court to spend its time "preparing the 'short and plain statement' which
18 Rule 8 obligated plaintiffs to submit."  McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996).
19 Moreover, plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See
20 George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
21     In an amended complaint, plaintiff must avoid excessive repetition of the same allegations
22 and must avoid narrative and storytelling.  That is, the complaint should not include every detail
23 of what happened, nor recount the details of conversations (unless necessary to establish the
24 claim), nor give a running account of plaintiff's hopes and thoughts.
25     Finally, an amended complaint must also identify as a defendant only persons who
26 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
27 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating person subjects another to
28 deprivation of constitutional right if he does an act, participates in another's act or omits to

perform act he is legally required to do that causes alleged deprivation). It should contain only those facts needed to show how the defendant legally wronged the plaintiff. It must not force the court and the defendants to guess at what is being alleged against whom. See McHenry, 84 F.3d at 1177 (affirming dismissal of complaint where district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

II.     MOTION FOR SETTLEMENT CONFERENCE

By motion filed on September 30, 2020, plaintiff asks that the court schedule a settlement conference. ECF No. 23. Because plaintiff's complaint has yet to be screened, and no defendants have been served, the request is premature. It has not yet been determined whether plaintiff has stated any cognizable claim for relief that could proceed to a settlement conference. And because no defendant has been served, the court does not have jurisdiction over any defendant to require attendance at a settlement conference.

Plaintiff is informed that if his First Amended Complaint is found on screening to contain cognizable claims, the first step will be service on defendants. If and when defendants are served, the undersigned will consider referring the case for an early settlement conference; a request from plaintiff is unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint (ECF No. 19) is GRANTED;

2. The Clerk of Court shall send plaintiff a copy of the court's Civil Rights Complaint By A Prisoner form;

3. Within thirty days of the date of this order, plaintiff must file a First Amended Complaint that adheres to the guidelines set forth herein. Failure to file an amended complaint within the time allotted may result in a recommendation that this action be dismissed, and

4. Plaintiff's motion for a settlement conference (ECF No. 23) is DENIED as premature.

DATED: November 5, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3