UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No.  2:19-cv-1680 JAM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

Before this court are plaintiff's motion to proceed in forma pauperis, a "motion for clarity," and plaintiff's first amended petition ("FAC").  ECF Nos. 3, 5, 27, 28.  As set forth below, the court grants plaintiff's motion to proceed in forma pauperis, screens the FAC, and finds that certain claims are suitable to proceed.  Plaintiff may elect to *either* proceed on the claims identified below as suitable for service, voluntarily dismissing all others, *or* he may amend one final time.  Plaintiff's "motion for clarity" is denied.

I.      IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  See ECF Nos. 3, 5.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

2

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.     PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).  Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

IV.     OVERVIEW OF FIRST AMENDED COMPLAINT

The FAC (ECF No. 28) presents four putative claims against multiple defendants: Newsom, Diaz, Clark, Gamboa, Gallagher, Ceballos, Vera, Mancilla, Barra, Gomez, Randolph,

////

Reyes, Navarro and five unknown employees at Corcoran State Prison.[1]  The claims are:  (1) that plaintiff's rights under the Eighth Amendment and Due Process Clause were violated when the prison was deliberately indifferent to plaintiff's safety concerns; (2) that plaintiff's Eighth Amendment right to be free from retaliation was violated on August 6, 2019, when he was unjustifiably left handcuffed in a holding cell for forty-five to sixty minutes, which exacerbated his chronic neck and shoulder nerve damage; (3) that the CDCR violated "constitutional contract law," specifically, Article I, Section 10 of the Constitution, when it filed rules violation reports against plaintiff although he has never signed a contract with the CDCR agreeing to follow its rules; and (4) that plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment right to due process were violated when, on November 7, 2019, he was beaten by several defendants during a yard search, and the subsequent, related grievance he filed in December 2019 went unanswered at the first level.  See ECF No. 28 at 6-17.

V.    SCREENING

   A.    Claim One:  Due Process and Deliberate Indifference to Safety Concerns

      1.   Due Process

         a.   Relevant Factual Allegations

In Claim One, plaintiff argues that defendant Gamboa violated his rights to due process and to be free from threats to safety when, at an August 2019 committee meeting held to determine to which prison plaintiff would next transfer, Gamboa told plaintiff that his request to be separated from gang members was "a waste of time" and that plaintiff's request was "not gonna get granted."  See ECF No. 28 at 6.  This decision, plaintiff contends, constituted a threat

////

---

[1] Defendant Gavin Newsom is the Governor of California.  Plaintiff identifies defendant Ralph Diaz as the Secretary of the California Department of Corrections and Rehabilitation ("CDCR").  Defendant Ken Clark is identified as the Warden of California State Prison – Corcoran ("CSP-Corcoran").  Defendant Gamboa is identified as the Chief Deputy Warden at the prison.  Defendant Gallagher is identified as the Captain of 4A Yard there.  Defendant J. Ceballos is identified as the Appeals Coordinator.  Defendants Vera, Mancilla, Barra and Gomez and the five unknown defendants are identified as correctional officers there.  Defendant Randolph is identified as a lieutenant at the prison.  Defendants Reyes and Navarro are identified as sergeants there.  See ECF No. 28 at 2-5.

to his safety, because Gamboa knew that plaintiff was requesting that he be separated from violent sexual predators.  See id.

### b. Discussion

Plaintiff cannot state a due process claim against Gamboa for refusing to consider plaintiff's request for transfer out of Corcoran.  The Due Process Clause does not mandate that states hold transfer hearings.  See Meachum v. Fano, 427 U.S. 215, 229 (1976).  Therefore, to the extent that the hearing was arguably deficient and/or that plaintiff was dissatisfied with its outcome, plaintiff has no recourse under Section 1983.

Furthermore, "[i]t is well-settled that the decision where to house inmates is at the core of prison administrators' expertise."  McKune v. Lile, 536 U.S. 24, 39 (2002) (brackets added) (citing Meachum).  Plaintiff has no constitutional right to a specific housing assignment or configuration.  Indeed, an inmate's liberty interests are sufficiently extinguished so that the state may change his place of confinement even if it is more disagreeable.  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).

## 2. Deliberate Indifference to Safety Concerns

### a. Relevant Factual Allegations

Plaintiff alleges that Gamboa "had the knowledge, duty [and] opportunity" to grant the specifics of his transfer request but refused to do so," thereby demonstrating deliberate indifference to plaintiff's safety.  He further asserts that defendant Clark, the warden at CSP-Corcoran, is liable because he was aware of the large percentage of violent gang members and of the "Green Wall"[2] at the prison.  See ECF No. 28 at 6.  Plaintiff states that as a result of the actions and inaction of the defendants who facilitated his transfer, he experiences panic attacks, acute levels of anxiety and stress, PTSD, sleep deprivation, and worsening chronic nerve damage amongst other things.  See id. at 6.

////

---

[2] Plaintiff describes the "Green Wall" as "[correctional officers with a] history of being active gang members . . . high level of excessive force [and] complaints of using gang members to attack others."  See ECF No. 28 at 6 (brackets added).

5

b. Discussion

To the extent plaintiff alleges that his placement in a prison allegedly rife with gang and sexual predator violence violated his personal safety rights under the Eighth Amendment, he fails to state a claim. While the state has a constitutional duty to assume responsibility the safety of those it holds in its custody (see DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989)), plaintiff has not alleged any specific harm that occurred to him at the hands of gang members or sexually violent predators while at CSP-Corcoran (see generally ECF No. 28). Speculative and generalized fear of harm at the hands of other prisoners does not rise to a sufficiently substantial risk of serious harm to future health. See generally Farmer v. Brennan, 511 U.S. 825, 843 (1994).

3. Respondeat Superior Liability

a. Relevant Factual Allegations

Plaintiff contends that Warden Clark, Secretary Diaz and Governor Newsom are liable for his transfer to CSP-Corcoran and the alleged resulting harms under the theory of respondeat superior because they were in charge and failed to prevent the alleged deprivations of plaintiff's rights. See ECF No. 28 at 6, 8.

b. Discussion

Section § 1983 does not permit vicarious liability, including respondeat superior liability. Iqbal, supra, 556 U.S. at 676. In order to state a claim against Clark, Diaz and/or Newsom, plaintiff must allege specific facts demonstrating that each of these defendants personally took steps to violate plaintiff's federal rights. The FAC includes no such facts.

Furthermore, even if plaintiff were able to establish that these defendants played a direct role in his transfer to CSP-Corcoran, plaintiff's failure to identify any harm would defeat a claim based on the threat to his personal safety.

4. Conclusion as to Claim One

For all these reasons, Claim One fails to state a claim for relief against any defendant. It does not appear that the identified defects can be cured by amendment. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when

amendment would be futile."). Accordingly, if plaintiff should reassert this claim in an amended complaint, the undersigned will recommend dismissal of the claim for the reasons explained above.

### B. Claim Two: Handcuffing and Threats of Harm

#### 1. Cruel and Unusual Punishment

##### a. Relevant Factual Allegations

Plaintiff asserts that after his August 2019 transfer hearing, one of the unknown defendants, a captain, directed defendant Sergeant Navarro to put plaintiff in a holding cell for forty-five minutes to an hour with his hands cuffed – in violation of prison policy – because plaintiff had talked back to him. See ECF No. 28 at 9. Defendant Navarro complied with the order to place plaintiff in the cell, as did defendants Medina and Ceballos. See id. Other inmates, however, had been sent back to their cells immediately after their committee appearances. See id. According to plaintiff, defendants did this to abuse him and to retaliate against him, and that they did so knowing that plaintiff suffered from chronic nerve damage in his neck, shoulders and arms that would cause his pain to linger long after the cuffs were removed. See id. As a result of the incident, plaintiff's nerve pain in these areas worsened. See id.

##### b. Discussion

To the extent plaintiff contends that defendants violated prison policy by leaving plaintiff in handcuffs while he was in a locked cell, this claim is not actionable under Section 1983. A state's failure to enforce is own procedures or regulations is not grounds for a federal claim. See generally 42 U.S.C. § 1983; see also Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citation omitted). Moreover, one may not transform state law issues into federal ones by casting them in terms of federal constitutional rights. See Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999) (citing Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)).

To the extent plaintiff asserts that the unidentified captain and defendants Navarro, Medina and Ceballos violated his Eighth Amendment rights by keeping him cuffed for forty-five minutes to an hour, construing the allegations in a light most favorable to plaintiff this claim is

potentially cognizable.[3] "The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (alteration in original) (internal quotation marks omitted) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)).

Being cuffed for forty-five minutes to an hour is hardly outside the norm in prison. Indeed, circumstances such as prison lockdowns and inmate transfers may warrant much longer periods of wrist restraint. Moreover, the fact that plaintiff has a condition which could be exacerbated by handcuffs does not categorically preclude plaintiff from ever being handcuffed in prison. However, extended handcuffing in the circumstances alleged—while plaintiff was locked in a cell and therefore posed no threat, with knowledge that plaintiff had a localized nerve condition that would be exacerbated by the extended cuffing, and with the stated intent to punish—supports an inference of culpable intent and therefore states an Eighth Amendment claim. Plaintiff will be permitted to proceed with these claims against Navarro, Medina, Ceballos and the defendant captain, who has been unidentified to date.[4] In order to proceed with his claim against the captain, however, plaintiff will have to identify him as soon as possible.

    2. Threats of Harm, Etc.

        a. Relevant Factual Allegations

Plaintiff further asserts that after he talked back to the unidentified captain, and the captain

---

[3] See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

[4] Plaintiff does not allege direct participation by Medina and Ceballos sufficient to support a claim against them. Moreover, in Claim Two, plaintiff repeats liability arguments against defendants Garth, Newsom, Diaz, Clark, Gallagher and Ceballos under the theory of respondeat superior. See ECF No. 28 at 11. For the reasons previously stated, plaintiff may not proceed against any defendant on any vicarious liability theory.

directed defendants Medina and Ceballos to place plaintiff in the holding cell, they were present when defendant Navarro threatened and cursed at him. These acts and failures to act violated defendants' duties under the California Constitution, and caused plaintiff to experience mental anguish because of the threats and the "volatile atmosphere. See ECF No. 28 at 9.

Plaintiff also alleges that Ceballos violated his rights by refusing to accept an emergency grievance from him so that he could be transferred. See ECF No. 28 at 10. The rejection, plaintiff argues, was for "illogical and inaccurate reasons." See id. As a result of defendants' actions and inaction, plaintiff experienced "mental anguish." See ECF No. 28 at 9.

Finally, plaintiff contends that his rights were violated when, on August 21, 2019, defendant Vera threatened to beat him up because plaintiff refused to participate in "mandatory yard." See ECF No. 28 at 10. Plaintiff claims that within an hour of defendant Vera's threats, plaintiff had two anxiety attacks. See id.

    b. Discussion

Plaintiff's allegations that Medina, Ceballos and Navarro and the unidentified captain improperly placed him in a holding cell and/or cursed at and threatened him in retaliation for plaintiff talking back, and that defendant Vera's threats violated his constitutional rights, fail to state a claim for relief. First, as stated earlier, any violation of state law on the part of defendants with respect to plaintiff's placement in the cell while cuffed – here, California's Constitution – is not actionable. See generally 42 U.S.C. § 1983; see also Cousins, 568 F.3d at 1070.

Next, verbal harassment or abuse does not, standing alone, violate the Constitution. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (plaintiff's civil rights not violated when subjected to vulgar language). Similarly, a mere threat does not support a cause of action under Section 1983. See generally Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (stating it trivializes Eighth Amendment to believe threat constitutes constitutional wrong). Thus, plaintiff being cursed out and threatened by defendants does not support a constitutional claim.

The allegation that defendant Ceballos's denial of plaintiff's emergency grievance was improper, because it did not make sense, fails to state a claim. Although plaintiff had a First

Amendment right to file a grievance, see Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005), he had no right to a response or to any particular action, see Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Moreover, courts regularly defer to prison officials' decisions on internal matters. See, e.g., Sandin v. Conner, 515 U.S. 472, 482 (1995) ("[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment."); Wolff v. McDonnell, 418 U.S. 539, 566 (1974) ("We should not be too ready to exercise oversight and put aside the judgment of prison administrators.").

For all these reasons, plaintiff's allegations against defendants Medina, Ceballos, and Vera fail to state a claim. Because threats, verbal abuse, and violations of duties imposed by the California Constitution fail to state federal claims as a matter of law, this claim cannot be cured by amendment. The allegations against Navarro related to matters other than handcuffing also fail to state a claim and cannot be cured by amendment.

      C.    Claim Three:  Impairment of Obligation of Contracts

           1    Relevant Factual Allegations

Plaintiff claims that his rights under the Contracts Clause were violated when he failed to follow prison rules and regulations and suffered the consequences, despite never having signed a contract agreeing to follow prison rules. See ECF No. 1 at 10.

           2.   Discussion

This claim is legally frivolous. No contract between plaintiff and the prison is necessary for plaintiff to be subject to prison rules and prison discipline. California Code of Regulations, Title 15, Section 3005, which dictates prisoner conduct while incarcerated, clearly states that inmates must obey written and verbal orders. See Cal. Code Regs tit. 15, § 3005(b). The enforcement of prison rules and regulations of general applicability does not itself implicate any federally protected right of petitioner's. To the extent if any that plaintiff alleges that prison rules were improperly implemented against him, prison officials' violation of their own policies does not in itself raise a federal question. See Peralta v. Dillard, 744 F.3d 1076, 1087 (9th Cir. 2014). Claim Three lacks any cognizable legal basis, and therefore fails to state a claim upon which relief may be granted and cannot be cured by amendment.

D. <u>Claim Four: Excessive Force, Threats of Harm, Deliberate Indifference</u>

1. <u>Excessive Force</u>

a <u>Relevant Factual Allegations</u>

In Claim Four, plaintiff asserts that his Eighth and Fourteenth Amendment rights were violated when, on November 7, 2019, during the course of a yard search, six to nine correctional officers, led by Vera and including defendants Barra, Mancilla and Gomez and a yet-to-be-identified tower officer, beat him in his cell. See ECF No. 28 at 14, 16. Plaintiff alleges that prior to being beaten, defendant Vera told plaintiff that he "would get him" that day. See id. at 14. Thereafter, defendant Sergeant Reyes (1) instructed most of the correctional officers to leave the section where plaintiff was located, and (2) directed the yet-to-be-identified defendant officer in the tower to open plaintiff's cell door, despite the fact that plaintiff was uncuffed, in violation of mandatory safety precautions. See id. at 16.

As a result of the ensuing beating, plaintiff was left with a hole and deafness in his left eardrum, new nerve damage and pinched nerves, left leg pain, loss of muscle strength, loss of balance, bruises, abrasions, and other injuries. See ECF No. 28 at 14, 16. Plaintiff contends that the tower officer was complicit in his beating when s/he failed to file a use of force report after witnessing so many correctional officers enter plaintiff's cell while he was uncuffed, despite the fact that a cell extraction had not been approved. See id. at 16.

b. <u>Discussion</u>

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." <u>Farmer</u>, 511 U.S. at 832 (citing <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson</u>, 503 U.S. at 6-7 (brackets added) (referencing <u>Whitley v. Albers</u>, 475 U.S. 312 (1986)).

Plaintiff has alleged facts sufficient to state an excessive force claim against defendants Vera, Reyes, Barra, Mancilla, Gomez and the unidentified tower officer.

11

### 2. Threats of Harm

Plaintiff alleges that after he returned from the hospital, Navarro told him that he would "get even worse injuries" if plaintiff did not lie to defendant Randolph, about why plaintiff had been sent there. See ECF No. 28 at 17. As stated earlier, threats alone do not violate constitutional rights. See Gaut, 810 F.2d at 925. Accordingly, this allegation does not state a claim.

### 3. Deliberate Indifference

Finally, plaintiff contends that defendant Randolph failed to return and/or to promptly seek medical treatment for him, after plaintiff had informed Randolph that he had been "jumped." See generally ECF No. 28 at 16. It appears plaintiff may be also attempting to assert a deliberate indifference claim against Randolph. However, it is unclear from the FAC (1) how much time elapsed between plaintiff informing Randolph that he had been beaten and plaintiff receiving medical treatment, and (2) whether the subsequent treatment plaintiff received was facilitated by defendant Randolph or not. Accordingly, these allegations fail to state a claim. Plaintiff will, however, be given an opportunity to amend this claim should he choose to do so.

### E. Conclusion on Screening

For the reasons stated above, the undersigned finds on screening that the allegations of the FAC state the following two Eighth Amendment claims: use of excessive force by defendants Vera, Reyes, Barra, Mancilla, Gomez and the Doe tower officer (the beating claim); and handcuffing in violation of the Eighth Amendment, against Medina, Ceballos, Navarro and the Doe captain (the handcuffing claim). These claims are suitable for service, and plaintiff may elect to proceed on these claims against these defendants without further delay, dismissing all other claims and defendants.

Plaintiff's allegations that Randolph failed to summon medical care after plaintiff was beaten by other defendants are insufficient to state an Eighth Amendment claim against Randolph. However, it is possible that the addition of other facts could cure the defect. If plaintiff wishes to amend this portion of Claim Four before proceeding against any defendant, he may do so.

All other claims against all other defendants are inadequate to proceed for the reasons explained above. Plaintiff may voluntarily dismiss them. If plaintiff reasserts these claims in a First Amendment Complaint, the undersigned will recommend their dismissal.

VI. PLAINTIFF'S REQUEST FOR CLARIFICATION

On November 5, 2020, the court granted plaintiff's earlier-filed motion to file an amended complaint. ECF No. 26. Plaintiff was warned that failure to timely file an amended complaint could result in a recommendation that this action be dismissed. Id. at 3. On November 18, 2020, plaintiff filed a "motion" asking the court to clarify why this case might be dismissed for timely failure to amend and to clarify why any additional claims could not "simply add the additional grounds [and defendants] to the original complaint." See ECF No. 27 at 2. Plaintiff also asked, among other things, why he cannot be given a paralegal given that his law library services and access to supplies have been "blocked" by defendants. See id. at 3.[5]

With respect to plaintiff's concern about dismissal for failure to prosecute, the FAC was timely filed and it has now been screened. Accordingly, this concern is now moot. As for plaintiff's question related to why he may not be given a paralegal to help him with this case, plaintiff has no freestanding right to receive legal advice. See Shaw v. Murphy, 532 U.S. 223, 231 (2001). Moreover, the right to access to courts under the Constitution does not require the elimination of all barriers to litigation. See generally Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (citation omitted). For these reasons, plaintiff's motion for clarification will be denied.

VII. PLAINTIFF'S OPTIONS

As explained above, plaintiff's FAC contains the following viable claims against the following defendants:

- Claim Two: Eighth Amendment cruel and unusual punishment claims against defendant Sergeant Navarro; appeals coordinator J. Ceballos, correctional officer

---

[5] The motion includes several other miscellaneous requests for advice and/or explanation. See generally ECF No. 27. The federal courts do not, and cannot, render advisory opinions. DHX, Inc. v. Allianz AGF MAT, Ltd., 425 F.3d 1169, 1174 (9th Cir. 2005) (citation omitted). Nor can the court give legal advice to a pro se litigant.

    Medina and the yet-to-be identified captain for unnecessarily handcuffing plaintiff in a holding cell for forty-five minutes to an hour in August 2019, knowing that plaintiff suffered from chronic nerve damage in his neck, shoulders and arms that would cause his pain to linger;

- <u>Claim Four</u>:  Eighth Amendment excessive force claims against defendants Vera, Reyes, Barra, Mancilla and Gomez and the Doe tower officer for facilitating and/or participating in a beating of plaintiff in November 2019.

Plaintiff may elect to proceed on these claims and defendants, voluntarily dismissing all others.

In the alternative, should he choose to do so, plaintiff may attempt for a <u>final</u> time to amend the following claim:

- <u>Claim Four</u>:  Eighth Amendment deliberate indifference claim against defendant Lieutenant Randolph, for failing to promptly seek medical attention for plaintiff after he had been beaten.

A notice form enabling plaintiff to let the court know which option he chooses accompanies this order.  Plaintiff must fill it out and return it to the court within fourteen days of the date of this order.  If plaintiff opts to amend the FAC, he will have thirty days from the date of this order to file a Second Amended Complaint.

VIII. <u>AMENDING THE COMPLAINT</u>

If plaintiff chooses to file an amended complaint, it will take the place of plaintiff's original complaint.  See <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint).  Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  See E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court shall add the following defendant names to the case caption on the court's docket along with their stated positions:  Defendants Sergeant Navarro and Sergeant Reyes; Appeals Coordinator J. Ceballos; Correctional Officers Medina, Vera, Barra, Mancilla, and Gomez; and defendants Doe 1 (tower officer), and Doe 2 (captain);

2.  Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is GRANTED;

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4.  Within fourteen days of the date of this order, plaintiff shall inform the court in writing that either:

   a.  He wishes to proceed only on the cognizable claims identified herein, and he voluntarily dismisses any and all other defendants and claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), or

   b.  He wishes to file a second amended complaint.

Failure to take one of these courses of action within the time allotted may result in the

dismissal of this action for failure to prosecute. See Fed. R. Civ. P. 41(b); see also L.R. 110, and

5. Should plaintiff opt to file a second amended complaint, he shall have thirty days from the date of this order to do so.

IT IS FURTHER ORDERED that Plaintiff's motion to clarify the court's order issued November 5, 2020 (ECF No. 27) is DENIED.

DATED: March 22, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL,<br><br>           Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al,<br><br>           Defendants. | No.  2:19-cv-1680 JAM AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

CHECK ONE:

_____ Plaintiff would like to proceed immediately on his Eighth Amendment claims against defendants Navarro, Medina, Ceballos, Vera, Barra, Mancilla, Gomez, Doe 1 (the yet-to-be-identified tower officer), and Dowe 2 (the yet-to-be-identified captain).  By choosing to go forward without amending the complaint, plaintiff:  (1) consents to the dismissal without prejudice of the claims against all remaining defendants, and (2) chooses to forego any other related and/or potentially viable claims against them and any other potential, yet to be named defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____ Plaintiff would like to amend the complaint.

DATED: _____

                                                                   _____
                                                                   NATHAN HILL
                                                                   Plaintiff Pro Se