UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL, | No. 2:19-cv-1680 JAM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is plaintiff's preliminary injunction motion requesting that he be transferred out of the custody of the California Department of Corrections and Rehabilitation ("CDCR") and into federal custody.  For the reasons stated below, the undersigned recommends that the motion be denied.

I.   PRELIMINARY INJUNCTION MOTION

Plaintiff's present motion[1] asks the court to "remov[e] him from Defendant CDCR [and]

---

[1] This is plaintiff's third request for a preliminary injunction, and it reflects the same theories for relief as the two previous requests which were denied.  Compare ECF No. 38, with ECF No. 1 at 5-7, 11; ECF No. 6.

1

all other Def[endant] custody [in order] to avoid death or serious injury." ECF No. 38 at 1. Plaintiff alleges that "Def[endant] CDCR is actively seeking to have [him] attacked by gang members," that he has "been injured / maimed, [and] set up / harassed at [four] prisons," and that he is "in jeopardy of being killed or seriously injured again"[2] Id. at 1, 6. Accordingly, plaintiff asks that he be "transfer[red] completely out of CDCR state custody into federal custody." See ECF No. 38 at 6. A transfer to another CDCR prison "won't help," plaintiff argues, because "corrupt C/O[]s will call to those prisons [and] tell lies or truth to get . . . equally corrupt co-worker to continue . . . their harassment." Id.

## II. DISCUSSION

### A. Plaintiff Seeks Relief That is Unavailable

To the extent that the motion requests plaintiff's transfer into federal custody, it must be denied. The federal Bureau of Prisons houses those offenders committed to it upon conviction and sentencing in a federal court. See 18 U.S.C. § 3621. There is no indication that plaintiff has any outstanding federal sentence that could support BOP custody. Even if he did, the determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by federal and state executive branches. It is not a judicial function. See United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980).

In any event, courts regularly defer to prison officials' decisions on internal matters. See, e.g., Sandin v. Conner, 515 U.S. 472, 482 (1995) ("[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment."); Wolff v. McDonnell, 418 U.S. 539, 566 (1974) ("We should not be too ready to exercise oversight and put aside the judgment of prison administrators."). Inmates have no constitutional right to any particular prison placement. See Meachum v. Fano, 427 U.S. 215, 224 (1976); Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir. 1997).

////

---

[2] Plaintiff states that he has "still not [been] treated for previous injuries inflicted." ECF No. 38 at 6. However, plaintiff fails to provide any information whatsoever about these alleged previous injuries. See generally ECF No. 38.

      B.    <u>Failure to Show Likelihood of Irreparable Harm</u>

To obtain preliminary injunctive relief, a party must demonstrate that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. <u>Winter v. Natural Resources Defense Council</u>, 555 U.S. 7, 20 (2008). Here, although plaintiff repeats his claims of imminent life-threatening danger, there continues to be a complete absence of evidence to support the allegations. Plaintiff alleges that he was "permanently maimed and severely injured" after the court denied his second preliminary injunction request in November 2019. ECF No. 38 at 4. However, plaintiff does not provide any specific facts regarding the nature of this alleged permanent injury or the circumstances under which it was sustained, and no medical records or other documentary evidence is provided.

Because there has been a complete failure to establish the likelihood of irreparable harm, the court need not address the other <u>Winter</u> factors. Plaintiff not met his burden, and the motion for a preliminary injunction must be denied.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction, ECF No. 38, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2021

                                                      ALLISON CLAIRE
                                                      UNITED STATES MAGISTRATE JUDGE