UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL, | No. 2:19-cv-1680 DAD AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a second amended complaint ("SAC"), a motion for a return of funds, and a motion requesting that all defendants be served and that a restraining order issue. ECF Nos. 36, 51, 52. For the reasons stated below, the motions for a return of funds and for service will be denied. The undersigned will also recommend that the case proceed on certain claims against certain defendants and that others be dismissed, and that the motion for injunctive relief be denied.

I. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.   OVERVIEW OF SECOND AMENDED COMPLAINT

Plaintiff is an inmate at California State Prison – Corcoran ("CSP-Corcoran"). The SAC names several individuals as defendants: Chief Deputy Warden Gamboa; Secretary of the CDCR Ralph Diaz; Governor Newsom; CSP-Corcoran Warden Ken Clark; Captain Gallagher; Lieutenant Randolph; Sergeant Navarro; Sergeant Reyes; Appeals Coordinator J. Ceballos; correctional officers Medina, Vera, Barra, Mancilla and Gomez; and an unidentified captain and other unidentified correctional officers, including a tower guard. Id. at 1-20. In addition, plaintiff names the wardens of North Kern State Prison, Tehachapi State Prison, R.J. Donovan State

////

Prison, California State Prison – Los Angeles County,[1] Salinas Valley State Prison, and Kern Valley State Prison. Id. at 11.

Plaintiff seeks an order transferring him from CDCR custody to federal custody, separation from all gangbangers, and a permanent injunction against the CDCR, all its employees, agents and contractors. ECF No. 36 at 20. He also seeks compensatory and punitive damages, contract damages of $10,000.00 per violation, and other remedies. See id.

III. DISCUSSION

A. Claims for Which a Response Should Be Required

1. Claim Two: Deliberate Indifference[2]

a. Relevant Factual Allegations

Claim Two alleges in relevant part as follows. In August 2019, a yet-to-be-identified defendant – a captain – ordered plaintiff to be placed in a cell and remain handcuffed there for forty-five minutes to an hour because plaintiff had talked back to him. Defendants Navarro, Medina and Ceballos complied with the captain's orders, knowing that plaintiff suffers from chronic nerve damage in his neck, shoulders and arms which was going to cause him significant, prolonged pain after the cuffs were removed. ECF No. 36 at 8. The unidentified captain told defendant Navarro to threaten him with serious harm that he "would feel for a long time afterwards" if plaintiff was not more compliant during future interactions. Id.

As a result of the prolonged cuffing, the nerve pain in plaintiff's neck, shoulder and arms has worsened. Plaintiff has experienced anxiety, stress, and mental anguish due to violent threats and the volatile atmosphere. ECF No. 36 at 8.

b. Analysis

Plaintiff's allegations make a threshold showing that defendants Navarro, Medina, Ceballos and the unidentified captain acted with deliberate indifference to plaintiff's chronic

---

[1] Plaintiff refers to this prison as "LA County State Prison – Lancaster." ECF No. 36 at 11. The court will refer to the institution as "CSP-Los Angeles."

[2] Plaintiff characterizes Claim Two as both a retaliation claim and an Eighth Amendment claim. See generally ECF No. 36 at 8. However, based on the facts provided, the court has construed the claim solely as an Eighth Amendment deliberate indifference claim.

nerve condition when they forced him to remain cuffed in his cell for forty-five minutes to an hour, despite knowledge of his medical condition and the prolonged pain such cuffing would cause. Accordingly, plaintiff should be permitted to proceed on Claim Two.[3]

### 2. Claim Four: Excessive Force

#### a. Relevant Factual Allegations

Claim Four alleges that plaintiff was subjected to excessive force in violation of the Eighth Amendment by correctional officers Vera, Barra, Mancilla, Gomez, Reyes, several other officers who have yet to be identified,[4] and an unknown female tower guard. Plaintiff alleges in sum as follows. On November 7, 2019, defendant Reyes ordered the section where plaintiff was located to be cleared. The tower guard opened plaintiff's cell door while he was uncuffed, and defendants Vera, Barra, Mancilla, and Gomez entered the cell and beat plaintiff for two minutes. ECF No. 36 at 17. Plaintiff states that there was no need to use force in the situation, let alone excessive force. Id. at 19.

The unidentified tower guard knew that plaintiff was not cuffed and that a cell extraction had not been approved. This violated mandatory safety precautions. ECF No. 36 at 18. After plaintiff was beaten, the tower guard failed to file a use of force report after witnessing the officers enter plaintiff's cell. Id.

#### b. Analysis

Plaintiff has stated a cognizable claim of Eighth Amendment excessive force against defendants Vera, Barra, Mancilla, Gomez, Reyes, the unidentified tower guard, and other yet-to-be identified correctional officers for beating him in his cell and/or facilitating the attack. Accordingly, these defendants will be directed to respond to the Eighth Amendment excessive force assertion raised in Claim Four.

////

---

[3] If plaintiff proceeds on this claim, he will be given until the end of discovery to identify the unnamed captain as well as any other unidentified individuals in the SAC against whom the court has found he has raised cognizable claims.

[4] Plaintiff contends that there were six to nine correctional officers who entered his cell and beat him. ECF No. 36 at 18. If plaintiff proceeds on this claim and is able to identify these individuals in discovery, he may bring a motion to amend in order to name them as defendants.

B.  Failure to State a Claim

    1.  Claim One: Threat to Safety

        a.  Relevant Factual Allegations

Claim One alleges that defendants Gamboa, Diaz, Newsom and Clark violated plaintiff's Eighth Amendment right to be protected from harm. ECF No. 36 at 1-7. First, during a committee hearing, defendant Gamboa told plaintiff that his 602 appeal requesting separation from gangbangers was a "waste of time" and that it was "not gonna get granted." Id. at 1-2. Plaintiff asserts in a lengthy, but mostly rhetorical, statement that the housing policies of defendants Gamboa, Diaz and Newsom fail to protect him from harm. Id. at 2-7. He claims that defendants know that he is likely to be attacked by gangbangers and that their failure to separate him from them constitutes deliberate indifference on their part and is a threat to his safety. Id. at 2-7.

        b.  Analysis

A prison official can be liable for failing to protect inmates only if: (1) there is an "excessive" and "substantial risk of serious harm," and (2) the official is subjectively aware of that risk but deliberately ignores it. Farmer v. Brennan, 511 U.S. 825, 828-829 (1994). A single, isolated incident does not amount to an "excessive" or "substantial" risk to inmate safety. See, e.g., LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993).

Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. Rish v. Johnson, 131 F.3d 1092, 1096 (9th Cir. 1997). Speculative fear of harm at the hands of other prisoners does not constitute a sufficiently substantial risk of harm to future health and safety. See, e.g., Williams v. Wood, 223 Fed. Appx. 670, 671 (9th Cir. 2007) (citing Farmer, 511 U.S. at 842). Furthermore, federal courts are to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. See Sandin v. Conner, 515 U.S. 472, 482 (1995).

In screening the First Amended Complaint, the court informed plaintiff that Gamboa's alleged statement that his 602 was a waste of time did not support liability. See ECF No. 30 at 4-

////

5. The SAC provides no additional facts or arguments to demonstrate deliberate indifference to a known risk.

The SAC lacks specific factual allegations demonstrating that Gamboa, Diaz, Newsom or Clark personally caused plaintiff to be placed in a situation presenting an excessive and substantial risk of serious harm, and that they disregarded that risk by failure to take steps to abate it. See Farmer, 511 U.S. at 834; Frost v. Agnos, 152 F.3d 1124, at 1128 (9th Cir. 1998); Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013).

Plaintiff argues that CDCR's Sensitive Needs Yard Program, which physically separates former gangbangers and other at-risk populations, has not been successful at reducing gang violence against other non-violent inmates. ECF No. 36 at 2-7. This general allegation does not support relief. To the contrary, plaintiff effectively vouches for the adequacy of CDCR's housing placement policy when he writes, "I had to be moved for safety concerns due to corrupt c/o's [sic] and [gangbangers] working together to try to attack me." Id. at 5. Plaintiff also states that at the time he wrote the SAC, he was in administrative segregation at Salinas Valley State prison, having been transferred there from CCI-Tehachapi because correctional officers there had told gangbangers to attack him. Id. at 5-6. These allegations indicate responses to threat, not deliberate indifference to it.

In sum, the facts plaintiff has provided in support of this claim fail to establish deliberately indifferent failure to protect. Defendants' alleged failure to separate plaintiff from gangbangers or other inmates every time he believed they might harm him, or to transfer plaintiff each time he believed that his safety was at risk, do not support liability.[5]

For these reasons, Claim One fails to state a claim on which relief could be granted. Because amendment has not improved the viability of this claim, the undersigned concludes that further amendment would be futile and should not be granted. See 28 U.S.C. § 1915A(b)(1); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

---

[5] Inmates do not have a right to receive a specific classification, Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987), or be housed in a particular area of a prison, Atiyeh v. Capps, 449 U.S. 1312, 1315-16 (1981).

      2. Claim Three:  Obligation of Contracts

       a. Relevant Factual Allegations

In Claim Three, plaintiff reasserts his theory that his rights under the Contract Clause are violated by the requirement that he follow Title 15 of the California Code of Regulations even though he never signed a contract agreeing to do so.  ECF No. 36 at 11-16.[6]  Plaintiff contends that unless CDCR verifies that he is lawfully in its custody, Title 15 does not apply to him.  Plaintiff appears to take particular issue with CDCR's policies related to good time credits, placement in administrative segregation, and rules violation reports.  See id. at 13-16.

       b. Analysis

This claim was presented in the FAC, and plaintiff was informed on screening that it is legally frivolous.  ECF No. 30 at 1.  The Contract Clause of the U.S. Constitution prevents states from passing laws that impair contractual obligations.  U.S. Const. Art. 1 § 10 (prohibiting states from passing laws impairing obligation of contracts).  It regulates the legislative power of states, not the acts or decisions of state officers or individuals.  See New Orleans Waterworks Co. v. Louisiana Sugar Refining Co. 125 U.S. 18, 30 (1888); U.S. Trust Co. of New York v. New Jersey, 431 U.S. 1, 17 (1977) (Contract Clause limits power of states to modify contracts and regulate those between private parties).  Nothing in the Constitution, or other federal or state law, requires to CDCR to ask inmates if they have read, understand and are willing to abide by Title 15 regulations, nor is the department required to enter into a contract with inmates prior to enforcing its rules and regulations.  See generally Cruz v. Beto, 405 U.S. 319, 321 (1972) ("[P]risoners necessarily are subject to appropriate [prison] rules and regulations.").

To the extent that plaintiff's putative contract theory implicates the validity or duration of his custody, no claim lies under § 1983.  The lawfulness of a conviction or sentence can be challenged only in habeas, not in a civil rights lawsuit.  See 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).

---

[6] The defendants named in Claim Three are:  Governor Newsom; Secretary of the CDCR, Ralph Diaz; CSP-Corcoran Warden Ken Clark, and the wardens of North Kern Valley State Prison, CSP – Los Angeles, Salinas Valley State Prison, and Kern Valley State Prison.  ECF No. 36 at 11.

Because Claim Three presents no cognizable theory of liability, it should be dismissed with prejudice.

### 3. Claim Four Against Defendants Randolph and Navarro

#### a. Relevant Factual Allegations

The court has found above the Claim Four states a claim for relief against several defendants. The claim also makes allegations of deliberate indifference by defendant Randolph and a threat of harm by defendant Navarro. With respect to defendant Randolph, plaintiff alleges as follows. After he was beaten by other defendants, plaintiff told Randolph that he needed medical attention because he had been "jumped" by correctional officers. Randolph took down plaintiff's name, but he never returned. No one came to take plaintiff for medical treatment. ECF No. 36 at 18-19. Later, after a shift change, plaintiff was taken to the hospital for x-rays and an MRI. Id. at 18.

Plaintiff alleges that the next day he discussed the matter with defendant Navarro, who told him that if he did not lie about why he had been sent to the hospital he "would get even worse injuries." ECF No. 36 at 18-19. Navarro told plaintiff that a brace on his right hand was there because he had hit an inmate. Id. at 19. Accordingly, plaintiff believed Navarro's threats. Id.

#### b. Analysis

As to defendant Randolph, Claim Four of the SAC appears to be a photocopy of the FAC. Compare ECF No. 28 at 14, 16-17 (FAC), with ECF No. 36 at 17-19 (SAC). On screening the FAC, the court found that plaintiff's allegations were insufficient to support an inference of deliberate indifference. The court pointed in particular to the absence of allegations specifying (1) how much time elapsed between plaintiff informing defendant Randolph that he had been beaten and his receipt of medical attention, and (2) whether the subsequent treatment he eventually did receive was facilitated by Randolph. ECF No. 30 at 12. Instead of providing this information, or other facts that would demonstrate a deliberately indifferent state of mind, plaintiff has merely reproduced his previous allegations. This indicates that further amendment would be futile. The claim against Randolph should be dismissed without further leave to amend.

The threat of harm allegations regarding Navarro are also a photocopy of the allegations that were found insufficient on screening of the FAC. Compare ECF No. 28 at 16-17 (FAC), with ECF No. 36 at 18-19 (SAC); see also ECF No. 30 at 12 (screening order). As plaintiff was previously informed, a threat alone does not constitute a constitutional wrong. See, e.g., Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Corales v. Bennett, 567 F.3d 554, 564-65. Because plaintiff has not added any new facts to support a claim for relief against Navarro, it appears that permitting further amendment would be futile.

### IV. MOTION FOR A RETURN OF FUNDS

#### A. Relevant Facts

Plaintiff has filed a motion requesting that the court return money taken from his trust account. ECF No. 51. He states that on August 1, 2022, $57.00 was taken out of his trust account statement and sent to this court. Id. at 1, 3 (showing "federal filing fee" of $57.00 debited from plaintiff's account for this case on August 1, 2022). He also alleges that he gave $500.00 to a notary at Kern Valley State Prison who failed to do any work for him and that the CDCR has improperly debited his account. Id. at 1-2. Plaintiff seeks an order directing the $57.00 be returned to him and directing the CDCR to reverse debit transactions that occurred on July 27, 2022 so that such "fraud [and] theft" will not happen again. Id. at 2 (brackets added).

#### B. Analysis

Plaintiff is proceeding in forma pauperis and is obligated to pay the filing fee for this case in installments. ECF Nos. 30, 31. The prison has been ordered to collect those installments from plaintiff's trust account. ECF No. 31. Plaintiff has provided no facts demonstrating that the disputed $57.00 debit was improper. As for the money taken from plaintiff's account on July 27, 2022, the court will not involve itself with financial matters that are unrelated to this case. Accordingly, this motion will be denied.

### V. MOTION FOR SERVICE AND MOTION FOR RESTRAINING ORDER

#### A. Motion for Service

Plaintiff's motion for service asks that the court serve defendants and direct them to file an answer to his complaint. ECF No. 52 at 1. Service will follow the district judge's ruling on these

findings and recommendations, which will determine which defendants are to be served and which claims they must answer. Plaintiff's motion therefore will be denied.

### B. Motion For a Restraining Order and Injunctive Relief

The same filing seeks a "restraining order against CDCR." Plaintiff requests an order that he be transferred immediately from CSP-Corcoran and never be housed there again. See ECF No. 52 at 1. Plaintiff also seeks a court order directing that he never be housed in Level IV prisons. Id. at 2. He claims that the CDCR has transferred him to places "[he's] not supposed to be" due to safety concerns involving staff and inmates. Id. at 1-2. These allegations do not support any form of preliminary injunctive relief.

First, the motion is premature. The court has not obtained personal jurisdiction over any of the defendants since they have not yet been served with process in this action. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Furthermore, the CDCR is not named as a defendant in the SAC. See generally ECF No. 36.

In any event, the Constitution does not require a state to have more than one prison for the convicted, nor does it guarantee that a prisoner will be placed in any particular prison. Meachum v. Fano, 427 U.S. 215, 224 (1976). Pursuant to these principles, the courts do not involve themselves in classification or housing decisions. See Hernandez, 833 F.2d at 1318; Atiyeh, 449 U.S. at 1315-16. Accordingly, the relief that plaintiff seeks by this motion is unavailable.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))). Plaintiff has

not satisfied any of the Winter factors. Although some of his allegations state facially sufficient claims for relief, the present record does not establish a likelihood of success on the merits. And plaintiff's fears for his safety appear to be no more than speculative. There are no facts before the court supporting a conclusion that plaintiff faces an imminent threat of irreparable injury at CSP-Corcoran.

For all these reasons, it will be recommended that the motion for a restraining order be denied.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a return of funds (ECF No. 51) is DENIED; and
2. Plaintiff's motion to serve all defendants (ECF No. 52 at 1) is DENIED.

IT IS FURTHER RECOMMENDED that:

1. This action PROCEED on the following claims against the following defendants only:
    a. Claim Two (deliberate indifference) against defendants Navarro, Medina, Ceballos, and the Doe defendant captain who gave the initial order to cuff plaintiff in his cell in August 2019;
    b. Claim Four (excessive force) against defendants Vera, Barra, Mancilla, Gomez, Reyes, the Doe defendant tower guard who opened plaintiff's cell door in November 2019, and the Doe correctional officers who allegedly participated in the beating;
2. The following claims and defendants be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b)(1):
    a. Claims One and Three in their entirety;
    b. Claim Two against defendant Captain Gallagher;
    c. Claim Four against defendants Randolph and Navarro; and
    d. All named defendants not specified in paragraph 1, above; and
3. Plaintiff's motion for a restraining order (ECF No. 52 at 2) be DENIED.

////

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE