UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL, | No. 2:19-cv-1680 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff has filed a motion for the return of property, ECF No. 58, accompanied by a separate motion for all mail from the court to be sealed, ECF No. 58-1. For the reasons stated below, the motions will be denied.

Plaintiff asserts in conclusory terms that the warden of Mule Creek State Prison is intentionally separating plaintiff from his property – specifically, his mail – in order to retaliate against plaintiff and to interfere with his ability to prosecute this case. See ECF No. 58 at 1. Plaintiff then accuses the mail room of specific inference with his property. Id. at 2-3. Plaintiff provides no basis for his claim that the warden is personally involved in problems with his mail, nor does he identify any responsible party over whom this court has jurisdiction. There are no facts provided which support plaintiff's claim of retaliation or of interference with access to the

////

////

1

courts.[1] The requested relief is therefore unavailable. Moreover, plaintiff has recently informed that court that he "got some of [his] property" back but "still need[s] all orders requested." ECF No. 60. No details are provided. It appears that the motion at ECF No. 58 may be moot. To the extent that it is not moot, it is denied for the reasons specified above.

Plaintiff also requests a court order that mail from the court be sealed and not taped; he contends that sealing the mail will protect attorney work product and evidence. ECF No. 58-1 at 2. Documents sent to plaintiff by the court include only information that is publicly available, not protected attorney work product or evidence as to which confidentiality could be claimed. Moreover, mail from the court is not "legal mail" protected by the First Amendment. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). There is no legal basis for the requested order, and the motion will be denied.

Finally, plaintiff has requested a second extension of time to file objections to the findings and recommendations at ECF No. 54. ECF No. 57. The motion was filed before the expiration of the deadline, and it will be granted nunc pro tunc. Plaintiff has since informed the court that the objections will be filed by January 10, 2023. ECF No. 60.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion that all property be returned to him (ECF No. 58) is DENIED;

2. Plaintiff's motion that all mail sent to and from court be sealed (ECF No. 58-1) is DENIED; and

////

////

////

---

[1] The only specified instance of interference involves the opening of mail to plaintiff from the court, which had been forwarded from another institution, on the grounds that mail room staff could not read the name on the envelope. ECF No. 58 at 2. Plaintiff disputes the accuracy of that representation. However, the inspection of mail is an "ordinary incident of prison life." Witherow v. Crawford, 468 F.Supp.2d 1253, 1266 (D. Nev. Dec. 28, 2006) (citations omitted). Mail from a court is not "legal mail" that can be opened only in the presence of the inmate. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). Accordingly, the conduct of which plaintiff complains does not implicate his First Amendment or other constitutional rights.

3. Plaintiff's request for an extension of time (ECF No. 57) is GRANTED.

DATED: January 6, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE