UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL, | No. 2:19-cv-1680 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff has filed a motion to remove the magistrate judge and court clerk from this action. ECF No. 67. The motion is addressed to the district judge assigned to this case. Id. at 2. The court construes the motion as one seeking recusal. For the reasons stated below, the motion will be denied.

I. MOTION TO RECUSE

In support of plaintiff's motion to recuse, he argues that the undersigned and the court clerk improperly refused to update his current address and are not following law regarding sending legal mail to prisons. See generally ECF No. 67 at 2. Plaintiff cites to prison regulations, a prison operations manual, California case law, and federal law, arguing that they support his allegations and thus his recusal request. Id. at 3-4. He asks the court to make certain that the new magistrate judge and court clerk assigned to this case update his address to the current one every time he moves. Id. at 2.

1

Plaintiff states that the court and the court clerk are "either haters or incompetent," and contends that they have "refused to follow well established rules." ECF No. 67 at 3. He further contends that the court's failure to follow its own rules when dealing with different races and/or vulnerable populations "is a sign of someone that's willingly part of systemic racism" and that the court's actions constitute "treason and/or sedition" against the United States. Id. at 3-4.

II. DISCUSSION

A. Applicable Law

The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (brackets added) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)). "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)). A judge's previous adverse ruling alone is not sufficient for recusal. See Mayes, 729 F.2d at 607 (citing United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)).

B. Analysis

Plaintiff's motion for recusal must be denied. Plaintiff does not allege – via affidavit or within the filing itself – any facts demonstrating that the undersigned has shown any sort of favoritism or antagonism, nor does it provide any facts indicating that the undersigned has demonstrated any prejudice towards plaintiff. On the contrary, at the core of plaintiff's motion is his dissatisfaction with: (1) the fact that the court has required him to follow federal and local rules regarding how to properly inform the court when his address changes (ECF No. 67 at 2),

and (2) how prison authorities are handling mail that is sent to him by this court (see generally id. at 2-5).  These are insufficient grounds to support recusal.

1. Based on Change of Address Policy Does Not Support Recusal

Rules are rules.  Everyone, regardless of economic status, race, gender, or any other group demographic or life station, is required to follow them in this court.  Local Rule 182, of which plaintiff was informed at the beginning of this case (see ECF No. 4 at 2) (list of important Local Rules), clearly states that a party who is representing himself is to keep both the court and opposing parties advised as to his current address.  L.R. 182(f).  Local Rule 183 reiterates this requirement, and it also cautions that failure to do so runs the risk of case dismissal.  See L.R. 183(b).  Neither rule says anything about the court undertaking this responsibility on behalf of a litigant who is representing himself.  See generally L.R. 182, 183.

Plaintiff is aware of these rules.  See ECF No. 67 at 2 ("[The] [c]ourt has rule[s] to notify it [as] soon as I move…").  As a result, he has filed change of address notices on several occasions throughout these proceedings.  See ECF Nos. 18, 22, 37, 42, 47 (notices of change of address filed by plaintiff).  The address change request at issue is one docketed in December 2022.  See ECF No. 59.  In that request, plaintiff moves for the court to update his address on file every time he is moved to a new location in order to avoid the delay, rerouting, and opening of his mail by multiple mailrooms.  Id.  The request itself provided no new, updated address.  Id.  As a result, the Clerk of Court informed plaintiff that it would not update his address simply based on the return address on his envelope, as plaintiff's letter appeared to impliedly request.  See ECF No. 65 (docket entry indicating content of bluesheet sent to plaintiff).

To reiterate, it is plaintiff's responsibility to keep the court apprised of any new address.  L.R. 182(f); L.R. 183(b).  The new address should be clearly stated *within the notice* that is filed.  If no address is stated within the notice, a party should not assume the court will automatically update the docket with the return address that is on the envelope that contains the deficient notice.[1]  The court is not obligated to do so, and it does not do so for any party before it.

---

[1] If plaintiff did not provide his new address within the body of the change of address notices he has previously filed with the court (see generally ECF Nos. 18, 22, 37, 42, 47), in all likelihood,

Therefore, plaintiff is not being treated any differently than any other litigant, and his allegations of "systematic racism," bias based on indigence, and "treason and/or sedition" are wholly unfounded and unsupported. Accordingly, plaintiff's motion asking the undersigned to recuse herself[2] from this case will be denied.

### 2. Handling of Mail Does Not Support Recusal

Plaintiff also appears to assert that the court is refusing to follow "well-established" rules regarding the sealing of mail that is sent to prisons. See ECF No. 67 at 1-3. Plaintiff argues that prison regulations require that his mail going to and coming from courts be covered and only opened in his presence in order to check for contraband. Id. at 1. Plaintiff does not provide specific examples, but the court infers from the filing that where plaintiff is housed, prison officials have not been following prison rules and regulations and/or California law as it relates to the handling of litigation-related mail. It appears plaintiff believes that this court is obligated to intervene in the situation.

Prison officials' failure to follow their own rules and regulations and/or its violations of state law, without more, are not actionable in this court. See generally 42 U.S.C. § 1983; see also Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (no Section 1983 liability for violation of prison policy). Furthermore, as the court has previously explained to plaintiff (see ECF No. 61 at 2) (court order denying plaintiff's motion to seal mail), mail from the court is not "legal mail" that is protected by the First Amendment. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). To the extent plaintiff contends that the undersigned demonstrated bias against him by denying his request to have the Clerk of Court tape and seal court mail, there is no basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or

////

---

updated address changes to the docket did not take place. If this is what has occurred, these were plaintiff's errors, and the court was not obligated to fix them.

[2] Plaintiff also moves for the Clerk of Court to be "removed" from his case. ECF No. 67 at 1-3. The Clerk of Court's involvement in this matter is wholly administrative in nature. Therefore, any sort of removal of the Clerk of Court from this case cannot be done.

partiality motion"). For these reasons, the motion to recuse based on the court's handling of its outgoing mail to prisoners is also denied.

        3.     The Clerk of Court is Not Subject to Recusal

Plaintiff also moves for the Clerk of Court to be "removed" from his case. ECF No. 67 at 1-3. The Clerk's involvement in pending cases is wholly administrative in nature. Court administrators and their deputies are not subject to the recusal statute, and there is no legal grounds for the Clerk's removal.

### CONCLUSION

Accordingly, for all the reasons explained above, IT IS HEREBY ORDERED that plaintiff's motion to remove magistrate judge and court clerk (ECF No. 67) is DENIED.

DATED: February 27, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE