UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL, | No. 2:19-cv-1680 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The action is before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Several matters are before the court: defendants' motion to dismiss (ECF No. 86); an order to show cause issued to plaintiff related to his failure to timely oppose that motion (ECF No. 88); plaintiff's motion for the appointment of counsel (ECF No. 96); and plaintiff's request for judicial notice (ECF Nos. 98). Upon review of these matters and of the docket generally, the court issues the following orders.

I. RESPONSE TO ORDER TO SHOW CAUSE

The order to show cause (OSC) issued on September 11, 2023 (see ECF No. 88), after expiration of plaintiff's deadline to respond the motion to dismiss (ECF No. 86). It appears however, that the OSC crossed in the mail with a late-filed opposition to the motion, ECF No. 90. Plaintiff's second opposition (ECF No. 97), filed in response to the OSC, is largely duplicative of

the first. Because plaintiff has clearly demonstrated his intent to oppose the motion, the OSC will be discharged and plaintiff's initial untimeliness will be excused.

## II.   APPOINTMENT OF COUNSEL

Plaintiff's motion for the appointment of counsel, ECF No. 96, is the second he has filed in less than two weeks. See ECF No. 91. The first motion was denied. ECF No. 93. The two motions are identical in content down to the signature date of August 31, 2023. Compare ECF No. 91, with ECF No. 96. Accordingly, the instant motion will be denied as duplicative.

## III.   REQUEST FOR JUDICIAL NOTICE AND STATUS OF DOE DEFENDANT

In plaintiff's request for judicial notice, he asks for it to be noted that the undersigned has made "another (repetitive) mistake," as it relates to Captain Gallagher. ECF No. 98 at 1. Specifically, he asks the court to take notice of the "fact" that "Cpt. Gallagher . . . is the ONLY Cpt. [he has] ever named in any papers sent to . . . court." Id. (brackets added). Plaintiff further claims that he has sent Captain Gallagher's name to the court "at least [five times]." Id.

Federal Rule of Evidence 201(b)(2) provides that courts may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Plaintiff's request does not present judicially noticeable facts and judicial notice will be denied. Plaintiff's request, however, sheds light on his previous request for clarification regarding the status of originally-named defendant Captain Gallagher. See ECF No. 87. In the interests of justice, for the reasons that follow, plaintiff will be provided a limited opportunity to clarify his position.

On screening of the Second Amended Complaint (SAC), the undersigned found that plaintiff had stated a cognizable claim of deliberate indifference to his safety (Claim Two) against defendants including "the Doe defendant captain who gave the initial order to cuff plaintiff in his cell in August 2019." ECF No. 54 at 11. The SAC did not identify the captain who had given the order. To the contrary, it affirmatively alleged that the captain in question was "unknown… at this time." ECF No. 36 at 8.

The screening order also found that the SAC did not state any claim against Captain Gallagher, who had been named but against whom no allegations of wrongdoing were identified.

ECF No. 54 at 11. Accordingly, the undersigned recommended that Captain Gallagher be dismissed. Id. Plaintiff failed to file objections to the findings and recommendations even after being provided with additional time to do so,[1] and the recommendations were adopted, ECF No. 72.

Adoption of the findings and recommendations means, in relevant part, that the case now proceeds on Claim Two against defendants including a Doe defendant captain, but that Captain Gallagher has been dismissed with prejudice. Id. Plaintiff's request for judicial notice now appears to suggest that Captain Gallagher may be the captain whose actions are described in Claim Two. If that is what plaintiff means, then the order at ECF No. 72 is internally inconsistent. If plaintiff does not mean that Captain Gallagher is the same person as the Doe captain in Claim Two, but is reminding the court of different allegations he has made against Captain Gallagher in other pleadings, that is a different matter.

Before acting on the pending motion to dismiss, or considering any further case management action, the court will direct plaintiff to clarify by completing the form attached to this order.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause issued September 11, 2023, ECF No. 88, is DISCHARGED;
2. Plaintiff's motion for the appointment of counsel, ECF No. 96, is DENIED;
3. Plaintiff's request for judicial notice (ECF No. 98) is DENIED;
4. Within fourteen days from the date of this order, plaintiff shall complete and return the document attached to this order which informs the court whether he means to allege that Captain Gallagher is the unidentified captain at issue on Claim Two of the SAC.

DATED: September 26, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] See ECF Nos. 56, 61, 62 (orders granting extensions of time to file objections).

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1680 DJC AC P<br><br>PLAINTIFF'S IDENTIFICATION OF UNIDENTIFIED CAPTAIN ("DOE 2") |

CHECK ONE:

_____  The unidentified defendant in Claim Two of the second amended complaint (see ECF No. 36 at 8), identified at screening as "the Doe defendant captain who gave the initial order to cuff plaintiff in his cell in August 2019," is Captain Gallagher who was employed at California State Prison – Corcoran during the period in question.

_____  The unidentified Doe defendant in Claim Two of the second amended complaint (see ECF No. 36 at 8) is not Captain Gallagher but a different individual.

DATED: _____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　NATHAN HILL
　　　　　　　　　　　　　　　　　　　　　Plaintiff Pro Se

1