1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NATHAN HILL,                         No.  2:19-cv-01680 DJC CKD P

12              Plaintiff,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14    GAVIN NEWSOM, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18    action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the court are several motions

19    filed by the parties.  The court will address each motion in turn.

20        I.      Procedural History

21        The docket in this case has been inundated with so many motions that the court must

22    clarify the procedural history of this case before ruling on the pending matters.  This case is

23    proceeding on plaintiff's second amended complaint docketed on May 10, 2021, asserting an

24    Eighth Amendment deliberate indifference claim against defendants Navarro, Medina,

25    Ceballos, and the Doe defendant captain who gave the initial order to cuff plaintiff

26    in his cell in August 2019 (Claim Two); and an Eighth Amendment excessive force claim against

27    defendants Vera, Parra, Mancilla, Gomez, Reyes, the Doe defendant tower guard who opened

28    plaintiff's cell door in November 2019, and the Doe correctional officers who allegedly

                                           1

participated in the beating (Claim Four).[1]  ECF Nos. 54, 72.  The remaining claims and defendants, including Captain Gallagher, were dismissed with prejudice by order dated April 18, 2023.  ECF No. 72.

A review of the docket indicates that the summons for defendants Medina and Gomez were returned to the court as unexecuted.  ECF No. 79.  Therefore, by order dated June 21, 2023, the court directed plaintiff to provide additional identifying information for these defendants within 30 days in order to affect service of process.  ECF No. 80.  Plaintiff has not responded to this order and defendants Medina and Gomez have not been served with the second amended complaint.  Therefore, at this juncture, the court will order plaintiff to show cause why defendants Medina and Gomez should not be dismissed from this action without prejudice for failing to timely serve them.  See Fed. R. Civ. P. 4(m).[2]  Plaintiff's response to this show cause shall be filed within 21 days from the date of this order.  Absent good cause for failing to serve these defendants, the court will recommend dismissal without prejudice of defendants Medina and Gomez pursuant to Fed. R. Civ. P. 4(m).

II.      Defendants' Motion to Dismiss

Defendants filed a motion to dismiss the claims against them in their official capacities on grounds that these claims are barred by the Eleventh Amendment and because state officials acting in their official capacities are not "persons" capable of being sued pursuant to 42 U.S.C. § 1983.  ECF No. 86.  Defendants also seek the dismissal of plaintiff's request for injunctive relief because plaintiff's claims involve past conduct only and do not involve a specific policy or custom at CSP-Corcoran.  Id.

Plaintiff's opposition argues that the CDCR is a for-profit corporation that uses California

---

[1]  Defendant Barra has been subsequently identified as "A. Parra" in CDCR's Notice of Waiver.  Therefore, the court will direct the Clerk of Court to update the docket of this case by terminating defendant Barra from this action.  Defendant A. Parra has waived service of process and filed a responsive pleading to the second amended complaint.  ECF Nos. 77, 83, 86.

[2]  "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, the court may extend the time for service if the plaintiff demonstrates good cause for the failure to serve process.  Id.

1  taxpayer dollars to pay its bills and employees.  ECF No. 90 at 2.  According to plaintiff this

2  means that it can't claim Eleventh Amendment immunity.  Id.  Plaintiff submits that there is a

3  policy and/or practice at CSP-Corcoran, where the alleged Eighth Amendment violations

4  occurred, to engage in assaults, deny medical treatment for the injuries, and then cover them up.

5  Id. at 3.

6      By way of reply, defendants assert that plaintiff's arguments do not address the core legal

7  issues in their motion to dismiss.  ECF No. 94.  Defendants point out that the CDCR is a state

8  agency and not a private corporation.  ECF No. 94 at 3.

9      III.    Legal Standards Governing Motion to Dismiss

10      In order to survive a motion to dismiss, "a complaint must contain sufficient factual

11  matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial

12  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

13  inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S.

14  662, 678 (2009) (citation and internal quotation marks omitted).  "Dismissal is proper when the

15  complaint does not make out a cognizable legal theory or does not allege sufficient facts to

16  support a cognizable legal theory."  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034,

17  1041 (9th Cir. 2011).

18      IV.    Analysis

19      In this case, plaintiff seeks monetary damages and injunctive relief against defendants in

20  their individual and official capacities for violating his Eighth Amendment rights.  See ECF No.

21  36 at 20 (second amended complaint).  "Official-capacity suits ... generally represent only another

22  way of pleading an action against an entity of which an officer is an agent."  Kentucky v.

23  Graham, 473 U.S. 159, 165 (1985) (internal quotation marks and citations omitted).  As

24  defendants point out, the Eleventh Amendment serves as a jurisdictional bar to suits brought by

25  private parties against a state or state agency unless the state or the agency consents to such suit.

26  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam).

27  Plaintiff's claim that the CDCR is not a stage agency is meritless.  See Darden v. California Dept.

28  of Corrections, No. EDCV 08-1402-GW (MLG), 2009 WL 291863, *2 (C.D. Cal. 2009).

1   Moreover, neither a state nor a state official sued in an official capacity for monetary damages is

2   a "person" for purposes of a § 1983 damages action.  Will v. Michigan Dept. of State Police, 491

3   U.S. 58, 71 (1989).  Therefore, even if a state waives its Eleventh Amendment immunity in

4   federal court, Will precludes a claim for monetary damages against the state government entity or

5   a state official sued in an official capacity.  Id.  For these reasons, plaintiff's claims for monetary

6   damages against defendants in their official capacity should be dismissed with prejudice.

7       With respect to the injunctive relief requested, plaintiff seeks a permanent restraining

8   order against defendants based upon the threats to his safety by prison staff as alleged in his

9   second amended complaint.[3]  ECF No. 36 at 20.  To the extent that defendants seek dismissal of

10  the prospective injunctive relief claims against them in their official capacity, the motion should

11  be denied.  At this stage of the proceedings, the court must accept all the factual allegations in the

12  second amended complaint as true, and must draw any permissible inferences from those facts in

13  plaintiff's favor.  See Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976);

14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  As construed in the light most favorable to

15  plaintiff, plaintiff's second amended complaint adequately requests prospective injunctive relief

16  from defendants in their official capacities.  Accordingly, the undersigned recommends denying

17  defendants' motion to dismiss on this ground.

18      V.    Plaintiff's Motions for Summary Judgment

19      Plaintiff filed two separate motions for summary judgment before the court has even

20  issued a discovery and scheduling order in this case.  ECF Nos. 111-112.  Accordingly, the

21  motions are premature because the factual record has not been adequately developed.  The court

22  recommends denying these motions without prejudice to refiling after discovery has closed in this

23  case.

24      VI.   Plaintiff's Motion to Include Captain Gallagher

25      Since defendant Gallagher was dismissed with prejudice by order dated April 18, 2023,

26

---

27  [3]  The court has previously denied plaintiff's three separate motions for a temporary restraining
    order/preliminary injunction seeking his transfer to federal custody.  See ECF Nos. 17, 45, 72.
28  The undersigned will not rehash the analysis supporting the court's prior orders.

plaintiff has filed several requests for the court to acknowledge that Captain Gallagher is a defendant in this action.  See ECF Nos. 87, 98.  Plaintiff's most recent filing is labeled as a "motion to include Captain Gallagher as a defendant."  ECF No. 114.  As in prior pleadings, this motion completely ignores the procedural history of this case.  The court has already provided plaintiff with the opportunity to clarify what specific actions Captain Gallagher made in order to determine whether he is one of the Doe defendants in this action.  See ECF No. 99.  However, plaintiff failed to return the notice to the court as directed.  Id.

In his pending motion, plaintiff does not identify what specific actions Captain Gallagaher took that links him to any alleged constitutional violation found cognizable in the court's screening order.  Simply labeling him as a defendant in this action is not enough to state a claim for relief against Captain Gallagher.  The civil rights statute requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

The court has provided plaintiff with numerous opportunities to specify whether Captain Gallagher is the Doe Defendant identified in Claim Two, even going so far as to create a form for plaintiff to complete and return to the court.  However, plaintiff failed to comply with the court's order dated September 27, 2023.  See ECF No. 99.  Therefore, it is recommended that plaintiff's motion to include Captain Gallagher as a defendant in this action be denied.

VII.    Warning Regarding Excessive Filings

Finally, the record reflects that plaintiff has filed duplicative and voluminous motions that prevent the court from addressing the merits of plaintiff's claims and inevitably slow the resolution of this case.  See ECF Nos. 23-24, 51-52, 58, 67, 91, 96, 103, 111-113.  Plaintiff has also filed numerous pleadings captioned as "notices" and "requests" to the court.  See ECF Nos.

1   8, 10-13, 20-21, 29, 43, 46, 87, 92, 98, 107, 109-110.  Plaintiff is hereby formally cautioned that a

2   litigant proceeding in forma pauperis may suffer restricted access to the court where it is

3   determined that he has filed excessive motions in a pending action.  DeLong v. Hennessey, 912

4   F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989).

5         **This court views the number of motions filed to date as excessive.  Therefore,**

6   **plaintiff is limited to filing two additional pleadings until the district judge has ruled on**

7   **these Findings and Recommendations.  Plaintiff may file: 1) a response to the court's order**

8   **to show cause why defendants Medina and Gomez have not been timely served; and, 2)**

9   **objections to the Findings and Recommendations on the remaining motions.  Any additional**

10  **pleadings from plaintiff  filed prior to the district judge's review of these Findings and**

11  **Recommendations will be: (1) stricken from the docket; (2) not responded to by the court;**

12  **and (3) result in further limitations on plaintiff's filings for the duration of this case.**

13        VIII.   Plain Language Summary for Pro Se Party

14        Since plaintiff is acting as his own attorney in this case, the court wants to make sure that

15  the words of this order are understood.  The following information is meant to explain this order

16  in plain English and is not intended as legal advice.

17        Defendants Medina and Gomez have not been served with your second amended

18  complaint because you did not provide enough identifying information for the U.S. Marshal to

19  locate them.  The court informed you of this problem on June 21, 2023 and you did not respond.

20  You have 21 days to explain why you have not provided sufficient information to serve them or

21  the undersigned will recommend dismissing these defendants without prejudice.

22        Since the discovery phase of this case has not even started yet, your motions for summary

23  judgment are premature.  Therefore, it is recommended that they be denied without prejudice to

24  refiling after a complete factual record has been developed.

25        It is further recommended that defendants' motion to dismiss be granted in part and

26  denied in part.  This does not end your case.  It just limits your claims for monetary damages to

27  defendants in their individual capacities.

28        If you disagree with any of these recommendations, you have 14 days to explain why it is

6

1  not the correct result.  Label your explanation as "Objections to Magistrate Judge's Findings and

2  Recommendations."  The district judge assigned to your case will review the file and make the

3  final decision.

4          After reading this order carefully, you may file two documents:  (1) a response to the

5  order to show cause why defendants Medina and Gomez have not been served; and, (2)

6  Objections to the Magistrate Judge's Findings and Recommendations to dismiss the claims for

7  monetary damages against defendants in their official capacity.  **Any additional pleadings that**

8  **you file pending the district judge's review of these Findings and Recommendations will be:**

9  **(1) stricken from the docket; (2) not responded to by the court; and (3) result in the**

10  **imposition of further limitations on your filings for the duration of this case.**

11                                          CONCLUSION

12          In accordance with the above, IT IS HEREBY ORDERED that:

13          1.  The Clerk of Court shall update the docket to terminate defendant Barra from this

14  action as he has been correctly identified as A. Parra.

15          2.  PLAINTIFF IS HEREBY ORDERED TO SHOW CAUSE in writing within 21 days

16  from the date of this order why defendants Medina and Gomez should not be dismissed without

17  prejudice for failing to timely serve them.  See Fed. R. Civ. P. 4(m).

18          IT IS FURTHER RECOMMENDED that:

19          1.  Defendants' motion to dismiss (ECF No. 86) be granted in part and denied in part as

20  explained herein.

21          2.  The claims for monetary damages against defendants in their official capacity be

22  dismissed with prejudice.

23          3.  Plaintiff's motions for summary judgment (ECF Nos. 111, 112) be denied without

24  prejudice as prematurely filed.

25          4.  Plaintiff's motion to include Captain Gallagher as a defendant (ECF No. 114) be

26  denied.

27          These findings and recommendations are submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

                                                  7

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 30, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE