UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL, | No. 2:19-cv-01680 DJC AC |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the court is plaintiff's motion to recuse the undersigned based on alleged misconduct.  ECF No. 117.

I.      Motion to Recuse

In support of his motion, plaintiff cites to the denial of his two separate motions for a temporary restraining order.  See ECF Nos. 14, 39 (Findings and Recommendations).  Based on the denial of these motions, plaintiff contends that the undersigned is biased against him.  Plaintiff also requests that the District Judge rule on the motion because of the undersigned's refusal to recuse herself.

II.     Legal Standards

As an initial matter, the motion for recusal is properly before the undersigned, as the Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal

sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)).  If the affidavit is legally insufficient, then recusal can be denied.  United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein…." 28 U.S.C. § 144.  "Any justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotation marks omitted)).

III.     Analysis

All of plaintiff's allegations of bias or prejudice arise out of the undersigned's rulings in this action.  However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).  Recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir. 1991) (quoting Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988)).  Plaintiff's allegations of bias are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists.  Therefore, the motion for recusal will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal (ECF No. 117) is denied.

This ruling shall be final if plaintiff does not seek reconsideration of the order by the District Judge within fourteen days of being served with this order.  L.R. 303(b).  If plaintiff seeks reconsideration of this order by the district judge, he must file a request and serve a copy of the

request on the undersigned.  Any such request must specifically designate the ruling, or part thereof, objected to and the basis for that objection.  Such request must be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."  L.R. 303(c).

DATED: June 26, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE