UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL, | No. 2:19-cv-1680 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding without a lawyer in a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motions for correction or clarification of the discovery and scheduling order and to compel discovery. ECF Nos. 128-30.

Plaintiff's motion for correction or clarification of the scheduling order will be granted. The correct date for the close of discovery is February 7, 2025, not February 7, 2024.

Plaintiff's motions to compel discovery will be denied. Plaintiff seeks to have defendants provide written responses to what appear to be interrogatories and requests for productions. See ECF Nos. 129, 130. However, plaintiff has not shown that he has served defendants with these interrogatory and production requests and that defendants have failed to respond. See Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv) (a motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34.").

Plaintiff is reminded that per the scheduling order:

1. Discovery requests shall be served by the party seeking the discovery on all parties to the action.[] [If an attorney has filed a document with the court on behalf of any defendant, then plaintiff, must serve documents on that attorney and not on the defendant.  See Fed. R. Civ. P. 5(b).] *Discovery requests shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4.*

2. Responses to written discovery requests shall be due forty-five days after the request is served.

3. *The parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions*, including, but not limited to, a recommendation that the action be dismissed or the answer stricken.

ECF No. 125 at 5 (emphasis added).  Additionally, plaintiff had until **December 9, 2024**, to serve discovery requests; has until **February 7, 2025**, to complete discovery and submit motions to compel; and has until **May 2, 2025**, to file pretrial motions, including motions for summary judgment.  See ECF No. 125 at 6.

To the extent plaintiff erroneously served the court rather than defendants with his discovery requests, plaintiff should promptly seek a brief modification to the scheduling order to allow him to properly serve his requests on defendants.  To seek such modification, plaintiff must establish good cause and excusable neglect.  See Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause and with the judge's consent.").  "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'"  Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citation and alterations omitted) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd., 507 U.S. 380, 388, 394 (1993)).  To determine whether there is excusable neglect, the court considers: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing Pioneer, 507 U.S. at 395).  This assessment is an equitable one that is intended to take into consideration all relevant circumstances, and not just the four factors listed above.  Briones v. Riviera Hotel &

Casino, 116 F.3d 379, 381 (9th Cir. 1997).

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for correction or clarification (ECF No. 128) is granted. The current date for the close of discovery in this matter is February 7, 2025.

2. Plaintiff's motions to compel (ECF Nos. 129, 130) are denied.

DATED: January 6, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE