UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:19-cv-1680 DJC AC P<br><br><br>ORDER |

Plaintiff is a state inmate proceeding without a lawyer in a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are the parties' ten requests and motions. ECF Nos. 134 (plaintiff's request for settlement conference); 136 (defendants' motions to compel and for sanctions); 137 (plaintiff's motion to compel); 138 (plaintiff's motion for copy of deposition video and transcript); 139 (plaintiff's motion for sanctions); 144 (plaintiff's supplemental motion for sanctions), 145 (plaintiff's motion to terminate or limit deposition and motion for protective order); 146 (plaintiff's motion to modify the discovery and scheduling order); 148 (plaintiff's motion for order to view deposition video); and 150 (defendants' motion to modify the discovery and scheduling order). For the reasons discussed below, defendants' motion for monetary sanctions and all of plaintiff's motions, except for the motion for order to view deposition video, are denied. The court will issue non-monetary sanctions against the plaintiff and defense counsel. Defendants' motion to compel and to modify the discovery and scheduling order are granted.

1

I. <u>Relevant Legal Standards</u>

    A. <u>Motion to Compel Written Discovery</u>

A motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).  Rules 33 and 34 require that a responding party serve its answers and any objections to interrogatory requests and respond in writing to any production requests within 30 days *after being served* with the requests, unless a different timeframe is stipulated to or ordered by the court.  See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  Unless the court orders otherwise, to serve a party that is represented by an attorney, service must be made to the attorney and is achieved by one of the seven ways listed in Federal Rule of Civil Procedure 5(b)(2).  See Fed. R. Civ. P. 5(b)(1) and (b)(2)(A)-(F).

    B. <u>Motion to Modify a Discovery and Scheduling Order</u>

To modify a scheduling order, the moving party must establish "good cause."  See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608-09 (9th Cir. 1992).  To establish good cause for amending a scheduling order to reopen discovery, courts in the Ninth Circuit consider:

> 1) whether trial is imminent; 2) whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery; and 6) the likelihood further discovery will lead to relevant evidence."

<u>City of Pomona v. SQM N. Amer. Corp.</u>, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting <u>United States ex rel. Schumer v. Hughes Aircraft Co.</u>, 63 F.3d 1152, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).  Although no one factor is dispositive, the primary factor courts consider in making a good cause determination is whether the moving party was diligent.  <u>Johnson</u>, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." (internal citations omitted)).  It is "significant" when a party is seeking to re-open discovery rather than extend the discovery deadline.  <u>W. Coast Theater Corp. v. City of</u>

2

Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id.

### C. Motion to Compel Deposition Answers

"A party seeking discovery may move for an order compelling an answer . . . if . . . a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i). Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1).

"An objection at the time of examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). A deponent can refuse to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

### D. Motion to Terminate or Limit Deposition

Under Rule 30(d)(3), "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). "If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Id.

### E. Motion for Protective Order

A party may move for a protective order and a court may issue a protective order for good cause. Fed. R. Civ. P. 26(c)(1). To show good cause, the moving party must show the specific

prejudice or harm that will result absent a protective order. Philip ex rel. Estates of Byrd v. General Motors Corps., 307 F.3d 1206, 1211-12 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Industries, Inc. v. Intl. Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted), cert. denied, 506 U.S. 868 (1992).[1] "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Philip, 307 F.3d at 1211. If good cause is established, a court may issue a protective order to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c)(1).

F. Deposition Sanctions

Federal Rule of Civil Procedure 30(d)(2) permits the sanctioning of "reasonable expenses and attorney's fees incurred by any party" on someone who "impedes, delays, or frustrates the fair examination of the deponent." See Fed. R. Civ. P. 30(d)(2). In addition, Federal Rule of Civil Procedure 37(a)(5)(A) permits the court to order that a deponent pay a movant's reasonable expenses incurred in bringing a motion to compel. Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order such a payment if circumstances make the award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(iii).

G. Disqualification of Counsel

The Eastern District has adopted the State Bar of California's Rules of Professional Conduct and applicable court decisions, as its own standard of professional conduct. See E.D. Cal. L. R. 180(e). Accordingly, California law applies when disqualification of counsel is sought. In re Cty. of Los Angeles, 223 F.3d 990, 995 (9th Cir. 2000) (motions for disqualification apply state law).

Disqualification of an attorney lies within the sound discretion of the district courts. Gas-A-Tron of Arizona v. Union Oil Co. of California, 534 F.2d 1322, 1325 (9th Cir. 1976).

---

[1] Phillips and Beckman were both cases in which a newspaper sought access to court documents that were filed under a protective order. However, the Ninth Circuit applied Rule 26(c) and its "good cause" standard in resolving both cases, and therefore are applicable.

4

"Because disqualification is a drastic measure, it is generally disfavored and should only be imposed when absolutely necessary." Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004) (citations omitted). Motions for disqualification "should be subjected to 'particularly strict judicial scrutiny.'" Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985) (citations omitted).

II. Plaintiff's Motions to Compel and Modify Discovery and Scheduling Order (ECF Nos. 137, 146)

A. The Parties' Arguments

Plaintiff seeks an order that defendants produce all discovery requested by plaintiff's prior motions to compel, as well as responses to an additional discovery request sent to defendants on February 9, 2025. ECF No. 137. In support of his motion, plaintiff attaches a copy of the November 2024 discovery motion and a carbon copy of a health care grievance he filed on February 6, 2025.[2]

Defendants filed an opposition arguing that plaintiff has, once again, failed to provide any evidence that he served defendants with the requests, as required on a motion to compel. ECF No. 143 at 2. Defendants note that (1) plaintiff previously attempted to compel defendants to respond to discovery by first filing the requests with the court; (2) the court denied plaintiff's motion because he failed to show he served defendants with the interrogatory and production requests and that defendants failed to respond; (3) in denying the prior motions, the court noted that "plaintiff had until December 9, 2024, to serve discovery requests; has until February 7, 2025, to complete discovery and submit motions to compel . . ."; (4) the court informed plaintiff that if he wanted to obtained discovery he would need to "promptly seek a brief modification to the scheduling order to allow him to properly serve his requests on defendants"; and (5) instead of filing a motion to modify the scheduling order, after the close of discovery, plaintiff filed another

---

[2] Plaintiff's motion to compel was filed concurrently with plaintiff's motions for sanctions and for copy of deposition video and transcript. See generally ECF Nos. 137-139. It appears the table of contents for the entire packet was docketed with plaintiff's motion to compel. see also ECF No. 138 at 3. Of the sixteen documents listed, it appears that only these two documents identified are relevant to the motion to compel. Accordingly, the court will not discuss the other documents attached in this section.

5

motion to compel without first serving the requests on defendants. Id.

In response to defendants' arguments, plaintiff has now filed a motion to modify the discovery and scheduling order. ECF No. 146. This motion seeks an ordering modifying the schedule because: (1) a typographical error in the original discovery and scheduling order resulted in plaintiff failing to send defendants one of his discovery motions until after the court corrected the error; and (2) defendants' counsel has lied that he did not receive either one of plaintiff's discovery motions, even though plaintiff sent exact copies of his discovery motions to the court. ECF No. 146. Plaintiff states that he "shouldn't be denied any discovery simply because Def. counsel 'claims' he did not get them!" and that he needs "at least 90 days from the approval of his motion to resend discovery motions to court, get back & process discovery docs., possible motion to compel, etc." Id.

B. Discussion

1. Motion to Compel

The court agrees with defendants that plaintiff has not shown he is entitled to relief. Plaintiff's present motion to compel suffers from the same deficiencies this court identified when it denied plaintiff's two prior motions to compel— "plaintiff has not shown that he served defendants with the interrogatory and production requests and that defendants have failed to respond." See ECF No. 131 at 1.

To the extent plaintiff attempts to argue that defendants' counsel was served with plaintiff's discovery requests by virtue of plaintiff filing motions to compel, the court rejects this argument. As the court has previously explained to plaintiff, discovery requests must be served directly on the other party and not filed with the court. Most discovery is conducted without the court's involvement. If a party is dissatisfied with an opposing party's response to a discovery request, they may then file a motion to compel. But a motion to compel is a not a discovery request, and the defendant's receipt of a docketed motion through the court's electronic filing system does not satisfy plaintiff's obligation to initially serve his discovery requests. Any motion to compel further responses to requests must be supported by documentation of plaintiff's previous service of the requests at issue, and the opposing party's allegedly deficient responses.

The discovery and scheduling order was clear that (1) "[d]iscovery requests shall be *served* by the party seeking the discovery on all parties to the action"; (2) "[i]f an attorney has filed a document with the court on behalf of any defendant, then plaintiff must *serve* documents on that attorney and not on the defendant. See Fed. R. Civ. P. 5(b)"; (3) "[d]iscovery request shall not be filed with the court except when required by Local Rules 250.1, 250.2, 250.3 and 250.4"; (4) "[r]esponses to written discovery requests shall be due forty-five days after the request is *served*"; and (5) "[t]he parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed or the answer stricken." ECF No. 125 at 5 (emphasis added). The court reproduced these portions of the discovery and scheduling order in its January 6, 2025, order and advised plaintiff to *promptly* seek modification of the scheduling order and to *properly serve* defendants. Instead of heeding the court's advice, plaintiff filed another deficient motion to compel and waited two and one-half months to file a motion to modify the discovery and scheduling order.

Because plaintiff has not shown that he served defendants with the interrogatory and production requests and that defendants have failed to respond, his motion to compel is denied.

        2.   <u>Motion to Modify the Discovery and Scheduling Order</u>

As an initial matter, the court rejects plaintiff's argument that the court's typographical error in the original scheduling order is responsible for any of plaintiff's delayed requests for discovery. The discovery and scheduling order that issued on October 15, 2024, expressly set December 9, 2024, as the deadline to serve discovery requests on the opposing party. ECF No. 125 at 6. It then provided that discovery would close on "February 7, 2024." Id. That was an obvious typographical error; the discovery deadline was intended to be February 7, 2025, 60 days after service of all discovery requests. The discovery deadline could not in any case have predated issuance of the order. Accordingly, it was readily apparent that the court had intended to set a deadline of February 7, 2025. The court corrected its error and clarified the applicable deadlines in its order of January 6, 2025. ECF No. 131. And as noted above, that order also

1   advised plaintiff to *promptly* seek modification of the scheduling order to *properly serve*
2   defendants, which he did not do.  But in any event, plaintiff's reliance on confusion about the
3   close of discovery is unavailing, because there was never a typographical error in the deadline for
4   service of discovery requests: December 9, 2024.

5         Because discovery has closed and plaintiff's request to modify the discovery and
6   scheduling order is effectively a request to reopen discovery so he can serve defendants with his
7   discovery requests, the court considers the factors identified by the Ninth Circuit for amending a
8   scheduling order to reopen discovery.  Although the time to file an opposition to this motion has
9   not passed, it will rule on this motion at this time because it has sufficient information to proceed
10  with its analysis.

11        The fourth and most important factor favors denial of plaintiff's motion to modify the
12  discovery and scheduling order.  Despite the clear language in the discovery and scheduling order
13  and the court's subsequent order denying plaintiff's November and December 2024 motions to
14  compel, which reiterated the process for requesting discovery and advised plaintiff to promptly
15  seek a modification of the discovery and scheduling order, plaintiff ignored the court and
16  continued to improperly seek orders to compel discovery that had yet to be properly served on
17  defendants.  Plaintiff's blatant disregard of this court's orders, attempt to blame the untimeliness
18  of plaintiff's actions on a typographical error in the discovery and scheduling order, and as
19  discussed below, his behavior in his excessive filings, which include personal attacks on
20  defendants' counsel, are deeply concerning.  As such, even though plaintiff's discovery requests
21  might lead to relevant evidence, plaintiff's lack of diligence will not be ignored, and his motion to
22  modify the scheduling order will be denied.  See Cornwell v. Electra Cent. Credit Union, 439
23  F.3d 1018, 1027 ("We decline to limit the district court's ability to control its docket by enforcing
24  a discovery termination date, even in the face of requested supplemental discovery that might
25  have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not
26  diligent").
27  ////
28  ////

C. Conclusion

For the reasons discussed above, plaintiff's motions to compel and to modify the discovery and scheduling order are denied.

III. Defendants' Motion to Compel (ECF Nos. 136) and Plaintiff's Motion to Terminate or Limit Deposition and for Protective Order (ECF No. 145)

A. The Parties' Arguments

Defendants seek an order reopening discovery for the limited purpose of allowing them to complete plaintiff's deposition. Specifically, defendants seek a court order compelling plaintiff to sit for the remainder of his deposition, answer all nonprivileged questions, and refrain from making inappropriate statements or personal attacks. ECF No. 136. In support of their motion, defendants report that during plaintiff's deposition on February 13, 2025, plaintiff "refused to answer questions" based on relevancy and asked and answered objections, provided "purposefully evasive answers and refused to elaborate when asked," and "engaged in rampant abusive conduct, making multiple inappropriate comments throughout." Id. at 2. Due to this behavior and a threatening statement made by plaintiff towards defendants' counsel, defendants' counsel terminated the deposition. Id.

At his deposition, plaintiff refused to answer any questions regarding his personal history prior to 2017 claiming that "[f]or purposes of this hearing, I have no recollection of anything before 2017." ECF No. 144 at 13-43 (Nathan Hill Deposition ("Hill Depo.")) 14:16-15:24. Specifically, he refused to answer where he grew up, what is his highest level of education, and where he went to school. Id. Plaintiff also refused to answer whether he has any evidence or any witnesses that can corroborate his story. Id. 24:23-29:13. He responded "I will as soon as you send the discovery request. That's my answer." Id. at 27:4-5. Plaintiff also refused to answer who are his paying clients for the unhackable cyber-security he claims to have invented, id. 85:7-87:25, whether he has any legal education, id. 106:22-107:21, and what IdeaATM23 means, id. 109:15-113:4. He objected to answering these questions because he claimed they were irrelevant to the suit, asked and answered, or requested information such as client lists, which are protected by privacy laws. Id. 87:13-25.

9

Before the deadline to oppose defendants' motion, plaintiff filed a motion to terminate or limit plaintiff's deposition and for a protective order. ECF No. 145.[3] Plaintiff argues that based on defense counsel's misconduct during plaintiff's deposition on February 13, 2025, the court should terminate or limit the deposition so that defense counsel "can no longer ask anymore questions, or questions can only be about subject of suit, not me prior to getting to prison, my tech. or company, & certainly not my signature block, or able to repeat any questions." Id.[4]

### B. Discussion

#### 1. Defendants' Motion to Compel Deposition and Reopen Discovery

Plaintiff's objections to defendants' counsel's questions—that they had been asked and answered or lacked relevance—were an improper basis for refusing to answer deposition questions. See Doe v. City of San Diego, No. 12-cv-0689 MMA (DHB), 2013 WL 6577065, at *5, 2013 U.S. Dist. LEXIS 179077, at *13 (S.D. Cal. Dec. 13, 2013) ("objections that questions have been asked and answered, exceeded the scope of the deposition, lacked relevance, assumed facts, and misstated [a deponent's] prior testimony are improper grounds for instructing a witness not to answer"); Covington v. Curtis, No. SA CV 12-1258 FMO (ANx), 2013 U.S. Dist. LEXIS 53406, at *6 (C.D. Cal. Apr. 12, 2013) (a deponent cannot refuse to answer a questions on the ground that it has been asked and answered or that it is irrelevant); see also Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-A § 11:1565 ("Rule 30(c)(2) renders 'relevancy' objections meaningless in most depositions. The deponent must even answer questions calling for blatantly irrelevant information 'subject to the objection.'"); see also Vasquez v. Leprino Foods Co., No. 1:17-cv-0796 AWI BAM, 2019 WL 1934015, at *2, 2019 U.S. Dist. 73777, at *14-15 (E.D. Cal. May 1, 2019) (objection that a question is beyond the scope is improper). Rule 30(c)(2) provides the exclusive grounds for a deponent not to answer a question. Covington,

---

[3] Defendants filed a notice of non-opposition claiming that plaintiff did not oppose defendants' motions to compel and for sanctions. ECF No. 147. The court, however, construes, plaintiff's motion to terminate or limit deposition, ECF No. 145, as an opposition to defendants' motion to compel and plaintiff's supplemental motion for sanctions, ECF No. 144, as an opposition to defendants' motion for sanctions.

[4] Plaintiff also seeks to have defendants' counsel removed as counsel for his "egregious misconduct." Id. This request is more relevant to the discussion of sanctions and therefore will be discussed in the section of this order addressing the parties' motions for sanctions.

2013 U.S. Dist. LEXIS 53406, at *6; Moore v. Stepp, No. C 11-5395 CW PR, 2013 WL 1832640, at *4, 2013 U.S. Dist. LEXIS 62526, at *10 (N.D. Cal. May 1, 2013). Here, plaintiff was not attempting to enforce a limitation ordered by the court, as no limitation has been ordered, or to terminate the deposition in order to present a Rule 30(b)(3) motion. Instead, he refused to answer because he did not think he needed to, since he believed the questions were irrelevant or had already been answered. Failure to answer on these bases was improper.

The only question plaintiff objected to on a different basis was defense counsel's question, regarding the unhackable cyber-security product that plaintiff claims to have invented, "who are your paying clients?" According to plaintiff, banking privacy laws protect this information and as such he did not need to answer. Hill Depo. 87:13-25. This objection is overruled, as the question did not call for any banking or financial information regarding plaintiff or his clients, it called for the identities of clients. Moreover, banking privacy laws such as the Gramm-Leach-Bliley Act require *financial institutions* to protect their customer's nonpublic financial information. 15 U.S.C. § 6801(a). Such laws do not apply to plaintiff, or give him any basis to object to revealing client identities at his deposition. To the extent plaintiff argues that his business is a "financial institution" subject to banking privacy laws, the court rejects that theory. See 15 U.S.C. § 6809(3)(a) (defining financial institution for purposes of the Gramm-Leach-Bliley Act); 12 U.S.C. § 1843(k)(4)(B) (defining financial institution for purposes of the Bank Holding Company Act). Because plaintiff has not made a threshold showing of any protected privacy interest in the identities of his cyber-security clients, this objection is overruled.

Because plaintiff's objections were meritless, and because as discussed below, plaintiff's behavior during the deposition impeded, delayed, or frustrated the completion of his deposition, the court will reopen discovery for the limited purpose of ordering plaintiff to sit for, complete, and fully cooperate in a deposition to be scheduled as soon as practicable after the issuance of this order.

        2. <u>Plaintiff's Motion to Terminate or Limit Deposition</u>

Plaintiff's motion to terminate or limit the deposition is untimely. Rule 30(d)(3)(A) requires that the motion be made during the deposition. See Fed. R. Civ. P. 30(d)(3)(A) ("At any

time during the deposition, the deponent or party may move to terminate or limit it . . ."). A motion to terminate or limit a deposition after a deposition has concluded should be denied as untimely. See Mashiri v. Ocwen Loan Servicing, LLC, No. 12-cv-2838 L MDD, 2014 WL 4608718, at *1-2, 2014 U.S. Dist. LEXIS 129599, at *5 (S.D. Cal. Sept. 15, 2014) (finding that "Plaintiff's current motion to terminate the deposition is untimely for that purpose as Rule 30(d)(3) requires the motion be made during the deposition"). Because plaintiff did not move to terminate or limit the deposition during the deposition, and instead, repeatedly raised improper objections and refused to follow deposition procedures, plaintiff's motion is denied.

### 3. Plaintiff's Motion for Protective Order

Plaintiff's broad allegations of harm are insufficient for this court to issue a protective order at this time. To the extent plaintiff seeks disqualification of defense counsel based on his conduct during the deposition, such request is addressed under the discussion for the parties' motions for sanctions. Accordingly, plaintiff's motion for a protective order is denied.

## C. Conclusion

Defendants' motion to compel is granted. Plaintiff will be required to sit for and complete his deposition. Plaintiff's motion to terminate or limit the deposition and for a protective order is denied.

Plaintiff is advised that defense counsel can ask questions repeatedly and can generally ask questions that are irrelevant. This includes questions concerning plaintiff's history prior to going to prison and to filing this suit, about the technology he allegedly invented, and his signature block. To the extent plaintiff believes a question is objectionable, plaintiff can object but must proceed to answer unless he is asserting (1) a valid privilege or privacy interest, (2) the limitation that this court has stated above regarding questions about plaintiff's client's names, or (3) he is terminating the deposition to file a motion under Rule 30(d)(3). Plaintiff is warned that refusing to answer questions based on improper objections, recklessly asserting privilege or privacy to avoid answering questions, or terminating the deposition where it is not warranted will not be tolerated and may result in sanctions, including terminating sanctions.

////

IV.     Motions for Sanctions (ECF Nos. 136, 139, 144)

      A.   Defendants' Motion for Sanctions

Defendants seek monetary sanctions against plaintiff for his inappropriate statements made in numerous prior filings and during his deposition on February 13, 2025, as well as for making improper objections and refusing to answer questions he was required to answer during the deposition. See ECF No. 136 at 2-7. In support of their motion, defendants provide examples from four of plaintiff's prior filings in which plaintiff referred to defense counsel as insane, moronic, and delusional, claimed counsel is cognitively impaired, and accused counsel of making "false statements, illogical arguments, & ignoring facts," not being able to comprehend and read English, and being a blatant and pathological liar. Id. at 3-4. Defendants also provide the following examples from plaintiff's deposition on February 13, 2025, claiming he impeded, delayed, or frustrated the deposition: plaintiff refused to raise his right hand to be sworn in; mocked defense counsel's question of whether the instructions were "very clear" by answering "regular clear"; refused to provide answers to questions regarding anything before 2017 by answering "[f]or purposes of this hearing, I have no recollection of anything before 2017"; repeatedly refused to answer questions claiming they were irrelevant and/or had been asked and answered; refused to answer questions until defendants sent him the discovery he requested,[5] and cursed. Id. at 4-7. During the deposition, plaintiff also made statements attacking defense counsel's intelligence, and right before defense counsel terminated the deposition, plaintiff stated "I'm glad I don't have a job where people want to kill me for it." Id. at 5-7. Perceiving such statement as a threat, defense counsel decided to terminate the deposition and seek motions to compel and for sanctions. Id.

      B.   Plaintiff's Motion for Sanctions

Plaintiff seeks monetary sanctions against defense counsel for every question defense counsel repeated after it had been answered, for every time defense counsel laughed at one of plaintiff's answers or statements, for every editorial comment defense counsel made to plaintiff's

---

[5] As discussed above, plaintiff has not provided any proof that he has properly served defendants with any discovery requests.

answers or statements, for defense counsel seeking dismissal of suit based on a lie, for defense counsel lying about serving plaintiff with a deposition notice, for defense counsel violating HIPAA by obtaining plaintiff's medical records, and for every false or misleading statement defense counsel made during the deposition or sent to plaintiff in writing at any time. ECF No. 139 at 2-3.

In his motion, plaintiff claims that the deposition video will show defense counsel's "incompetence & low IQ [plaintiff's] pointed out in several filings," that defense counsel is unstable, and that the sole purpose of the deposition was for defense counsel "to be hostile, condescending, harass, belittle, & retaliate for times [plaintiff] pointed out his incompetence, errors, & low IQ for making them." Id. at 1. Plaintiff then admits he "refused to answer questions that aren't related to the subject of suit, or were already answered and didn't seek new information," and asserts that defense counsel is foolish for asking him about his unhackable technology, and irrelevant questions about "IdeaATM23" and what it means. Id. at 4. Plaintiff also suggests defense counsel or anyone else is "beyond retarded and unfit for any job on earth" if they think plaintiff would create a corporation and lie about technology he invented and tried to sell to the federal and California state governments. Id. at 6. Plaintiff then offers to agree to dismiss the suit with prejudice and pay all costs associated with CA/CDCR defending suit if he fails to prove his technology works. Id. at 7-8. Lastly, plaintiff refers to defense counsel as a

> super hysterical male "karen," bad actor, mentally disturbed to take my statement that "I'm glad I don't have a job ppl. Want to kill me for," & ask if it's a threat, twice. By definition, if you have to ask that factually means you don't know! & therefore is not a threat! That was my response too, "if you have to ask then it isn't." More proof of how unstable he is.

Id. at 8.

### C. Defendants' Opposition to Plaintiff's Motion for Sanctions

In the opposition to plaintiff's motion for sanctions, defense counsel points out the numerous degrading comments and personal attacks plaintiff continues to make against him. ECF No. 142 at 2-3. Defense counsel admits that the deposition was contentious and that he raised his voice but denies that the motivation behind the deposition was to be "hostile, condescending, harass, belittle, & retaliate" against plaintiff for prior personal attacks. Id. at 3.

1  Defense counsel claims his approach was a calculated tactic based on plaintiff's prior antagonistic
2  filings and refusal to cooperate during the deposition, that involved numerous attempts to clarify
3  misunderstandings or misconceptions plaintiff had about proper deposition procedures and was
4  not intended to harass or belittle plaintiff. Id. Defense counsel further claims that because a
5  judge was not there to control plaintiff's behavior, defense counsel took it upon himself to do
6  what he could to control the situation for as long as he could and then terminated the deposition
7  as soon as plaintiff's comments went from personal attacks to threatening remarks. Id. at 3-4.

### D. Plaintiff's Reply[6]

In reply, plaintiff continues to assert that he did not receive notice of the deposition and that as such sanctions based on such deposition would be improper. ECF No. 144 at 1-3. Plaintiff admits the deposition notice was mailed out February 3, 2025, but claims it was not delivered to him and he did not sign for it until after the deposition took place. Id. at 1. Plaintiff claims that because the transcript was not proofread, contains almost 90 errors plaintiff has identified, and does not reflect things like the numerous times defense counsel laughed or interrupted plaintiff and defense counsel's tone, the court must rely on the deposition video to rule on the parties' motions for sanctions. Id. at 2. Plaintiff also argues that sanctions can only be sought for attorneys' fees in preparing a motion for sanctions or motion to compel and cannot include deposition costs. Id. at 4.

Plaintiff asserts that counsel's questions during the deposition "were irrelevant, repetitive, & done to embarrass, annoy, oppress, & in bad faith." Id. In support of his argument, plaintiff

---

[6] Although plaintiff captions this document as a "Motion Against Def. Counsel & Supplemental Sanction Motion," ECF No. 144, the court construes it as an opposition to defendants' motion for sanctions, ECF No. 136, and reply in support of plaintiff's motion for sanctions, ECF No. 137. Because plaintiff signed the filing on March 18, 2020, two days before either deadline to oppose or file a reply, the court deems the filing timely. See L.R. 230(l) (an opposition is due "not more than twenty-one (21) days after the date of service of the motion" and a reply is due "not more than fourteen (14) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition"); Houston v. Lack, 487 U.S. 266, 276 (1988) (under the prison mailbox rule a document is deemed filed on the date the prisoner delivered the document to prison officials for mailing); Roberts v. Marshall, 627 F.3d 768 N.1 (9th Cir. 2010) (the constructive filing date for prisoner giving pleading to prison authorities is the date the pleading is signed). For the sake of clarity, the court will refer to this filing as "Plaintiff's reply" or "reply."

cites to the deposition transcript where defense counsel said "[i]t is odd to be called difficult by someone wearing what you are wearing," referring to plaintiff's prison clothes, and claimed "you are clearly proud to be where you are," meaning plaintiff is proud to be in prison. See Id. at 11; see also Hill Depo. 113:5-6; 113:12.

As with plaintiff's motion for sanctions and other filings, plaintiff repeatedly states that defense counsel lies, is incompetent, delusional, moronic, has flawed logic, and asserts that defense counsel had a "hysterical Karen reaction" to plaintiff's statement that "I'm glad I don't have a job people want to kill me for." Id. at 2, 3, 5-8, 12. Plaintiff also accuses defense counsel of a homosexual advance during the deposition because defense counsel stated, twice, that he was in love with plaintiff's signature block. Id. at 10.

Plaintiff also asks the court to "remove Deputy Attorney General Paul Kozina as Def. counsel for his egregious misconduct fully described & outlined in both my motions for sanctions." ECF No. 145.

E. Discussion

As an initial matter, the court disagrees with plaintiff that the video recording of the deposition is necessary to rule on the parties' motions for sanctions. The court has before it the full transcript,[7] which confirms that the deposition was contentious, and filings prior to and subsequent to the deposition, which inform the court's analysis.

With respect to defendants' motion for sanctions, there is ample evidence that prior to and during his deposition, plaintiff engaged in inappropriate personal attacks against defense counsel and impeded, delayed, and frustrated the taking of his deposition. See ECF No. 97 at 7; 102 at 1, 2, 8-9; and 126 at 1, 4; ECF No. 144, Hill Depo. 5:24-6:12, 7:17-10:22, 14:16-15:24, 18:11-20, 26:3-29:15; 30:2-22, 35:9:22, 39:5-41:24, 42:6-25; 86:20-90:4; 93:9-23, 106:22-107:21, 109:15-113:4; 115:11-12. There is also evidence in the form of plaintiff's own subsequent filings, that he is continuing to engage in inappropriate and hostile personal attacks against defense counsel. See

---

[7] The errors in the transcript identified by plaintiff are largely typographical or not material or significant for purposes of resolving the present motion. Accordingly, the court will not order defendants file and/or lodge the video recording at this time.

ECF Nos. 139 at 1, 4, 7-8; 144 at 2,3, 4-8, 10, 12.  Although plaintiff's conduct warrants sanctions, because no prior sanctions have been issued against plaintiff for this conduct and because plaintiff is indigent, the court will not order monetary sanctions at this time.  Instead, the court will issue the following sanctions: (1) an admonishment regarding plaintiff's harassing and obstructionist actions to date; (2) an order that plaintiff shall cease said actions for the remainder of these proceedings; (3) a warning that similar actions taken by plaintiff in the future may result in an outright dismissal of this action; (4) a warning that plaintiff is required to follow all rules and laws throughout these proceedings; and (5) an order requiring plaintiff to sit for and complete his deposition without any further obstructive conduct.

With respect to plaintiff's motion, the court will not order monetary sanctions against defendants' or defense counsel.  Given plaintiff's conduct prior to and during plaintiff's deposition, the court understands defense counsel's frustration.  The court, however, does not condone defense counsel's conduct, which crossed the civility line on occasion.  See ECF No. 40:5, 92:22-23, 102:104:7-8, 107:22-24, 111:14-15, 113:5-20.  To ensure civility going forward, the court hereby warns defense counsel that the court will not tolerate personal attacks by either party or counsel.

   F.  Conclusion

Plaintiff's and Defendants' motions for monetary sanctions are both denied.  The court will, however, issue nonmonetary sanctions.  Both parties and counsel are warned that personal attacks will not be tolerated by the court and may result in monetary, disqualifying, terminating, or other sanctions.

V.   Plaintiff's Request for a Settlement Conference (ECF No. 134)

After the close of discovery, and after plaintiff's deposition, plaintiff filed a request for a settlement conference.  ECF No. 134.  The court ordered defendants to respond, which they did.  ECF Nos. 135, 140.  Defendants argue that given the unsuccessful completion of plaintiff's deposition, a settlement conference at this time would not be fruitful.  See ECF No. 140.  The court agrees and will therefore not schedule a settlement conference at this time.

////

VI. <u>Plaintiff's Motion to Obtain Copy of Deposition Video and Transcript (ECF No. 138)</u>

Plaintiff's motion seeks a copy of the video and transcript from his deposition on February 13, 2025. ECF No. 138. Defendants oppose arguing that plaintiff cites to no law or statutes that provides that he is entitled to a copy of either free of charge. ECF No. 141.

Sometime after the filing of the motion and opposition, plaintiff obtained a copy of the deposition transcript and video recording. See ECF Nos. 144 at 13-43 (plaintiff attached full transcript to his supplemental motion for sanctions); 148 (plaintiff states that he has a copy of the deposition video). As a result, plaintiff's motion is now moot and will be denied as such.

VII. <u>Plaintiff's Motion for Order to View Deposition Video (ECF No. 148)</u>

Plaintiff received a copy of the deposition video taken on February 13, 2025. See ECF No. 148. The footage was provided to plaintiff on a USB drive. Id. Plaintiff seeks a court order allowing him access to a computer that will allow him to view the deposition video so that he can "make all necessary corrections to the transcripts." Id. The court grants plaintiff's motion and will require the Litigation Coordinator at Kern Valley State Prison to make arrangements with plaintiff to view the deposition video.

VIII. <u>Defendants' Motion to Modify the Discovery and Scheduling Order (ECF No. 150)</u>

Defendants seek a motion to modify the discovery and scheduling order to extend the deadline for the filing of dispositive motions to 90 days after the court's ruling on defendants' motion to compel and for sanctions. ECF No. 150 at 2. Defendants argue that such extension is necessary due to plaintiff's abuse of the discovery process and refusal to engage in good faith. ECF No. 150-1 at 2. Defendants claim that plaintiff's failure to cooperate during his deposition, resulting in the need to file and resolve a motion to compel, has prevented defendants from obtaining the information they need to determine whether dispositive motions are appropriate and, if so, to draft such motions. Id. Defense counsel declares that "[e]ven if the Court rule on Defendants' motion today, there would be insufficient time to set a date to complete Plaintiff's deposition, conduct the remainder of the deposition, obtain the transcript, and prepare the motion." Id. at 4. This is the first request to modify the dispositive motion deadline. Id.

Good cause appearing, the court will grant defendants' motion. The deadline to file

pretrial motions will be extended to 90 days from the service of this order.

IX.     CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Request for Settlement Conference (ECF No. 134) is DENIED.

2. Defendants' Motion to Compel and for Monetary Sanctions (ECF No. 136) is GRANTED in part and DENIED in part as follows:

    a. Defendants' motion to compel plaintiff to sit for and complete a deposition is GRANTED.

    b. Good cause appearing, fact discovery is reopened for the sole purpose of allowing defendants to schedule, serve, and take plaintiff's continued deposition.

    c. Within thirty days of the service of this order, defendants may take plaintiff's deposition by videoconference. Defendants shall serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1) at least fourteen days before such a deposition. If plaintiff refuses to participate in his deposition, defendants may bring a motion for sanctions within fourteen days of being advised of plaintiff's refusal.

    d. Defendants' motion for monetary sanction against plaintiff is DENIED.

    e. The court formally admonishes plaintiff that the conduct identified by defendants was harassing and impeded, delayed, and frustrated the completion of his deposition. Plaintiff shall cease said actions for the remainder of the proceedings. Similar actions by plaintiff will result in sanctions, which may include terminating sanctions. Plaintiff is required to follow all rules, laws, and this court's orders throughout these proceedings.

3. Plaintiff's Motion to Compel (ECF No. 137) is DENIED.

4. Plaintiff's Motion for a Copy of Plaintiff's Deposition Transcript and Video (ECF No. 138) is DENIED as moot.

5. Plaintiff's Motion for Sanctions (ECF No. 139) is DENIED. All parties and counsel are admonished that personal attacks by any party or counsel against another—moving forward—will not be tolerated by this Court and will result in sanctions provided by law, including terminating sanctions.

6. Plaintiff's Supplemental Motion for Sanctions (ECF No. 144) is construed as an opposition to defendants' motion for sanctions (ECF No. 136) and reply to plaintiff's motion for sanctions (ECF No. 137) and is therefore terminated.

7. Plaintiff's Motion to Terminate or Limit Deposition and for Protective Order (ECF No. 145) is DENIED.

8. Plaintiff's Motion to Modify the Discovery and Scheduling Order (ECF No. 146) is DENIED.

9. Plaintiff's Motion for Order to View Deposition Video (ECF NO. 148) is GRANTED. The Litigation Coordinator at Kern Valley State Prison is directed to make arrangements with plaintiff so that plaintiff can view the deposition video.

10. Good cause appearing, defendants' Motion to Modify the Discovery and Scheduling Order (ECF No. 150) is GRANTED. The deadline to file pretrial motions is extended to 90 days from the service of this order.

DATED: April 10, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE