UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL, | No. 2:19-cv-1680-DJC-AC-P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff has filed a document styled as a "Writ of Mandate" (ECF No. 155) which appears to be Objections to the assigned Magistrate Judge's April 11, 2025, Order directing Plaintiff to sit for a deposition on May 21, 2025. (ECF No. 151; *see also* ECF No. 154.) The federal rules permit a party to object to non-dispositive orders issued by magistrate judges and requires that the district judge "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Local Rule 303(f) also provides that a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." E.D. Cal. L.R. 303(f).

In his Objections, Plaintiff argues that he did not receive notice of his prior February 13, 2025, deposition until March 10, 2025, even though the deposition notice was mailed on February 3, 2025. (ECF No. 155 at 1–2.) From what the Court gathers, it appears the deposition notice may not have been delivered in a timely

fashion because Kern Valley State Prison, where Plaintiff is incarcerated, returned the notice before it was delivered to Plaintiff.  (*Id.* at 1–2, Ex. 1.)  Plaintiff argues this evidence necessitates reversal of the Magistrate Judge's Order compelling Plaintiff to sit for his second deposition on May 21, 2025, because "[m]otions to compel CANNOT be granted when no notice of Dep. was received by me until way after, so Dep. set forth 5-21-25 has to be cancelled indefinitely."  (ECF No. 155 at 2.)

The Court disagrees.  Based on the record, it appears Plaintiff attended his February 13, 2025, deposition despite the allegedly defective notice.  Thus, whether Plaintiff received notice via mail or not, the Court can infer he received actual notice of the deposition, making his objections to that deposition irrelevant.  *See Soroori v. City of Berkeley*, 133 F.3d 929 (9th Cir. 1997) (rejecting pro se plaintiff's averments that the deposition notice was not properly served where the record demonstrated plaintiff received actual notice before the deposition was to occur); *Lehner v. United States*, 685 F.2d 1187, 1190-91 (9th Cir. 1982) (noting no due process issues where notice is mailed to the wrong address if the litigant received actual notice); *see also E. & J. Gallo Winery v. Gibson, Dunn & Crutcher LLP*, 432 F. App'x 657, 659 (9th Cir. 2011) (no service issues where deponent had actual notice of the deposition); *Baker v. Solano Cnty. Jail*, No. 2:08-cv-00404-AK, 2011 WL 1321954, at *2 (E.D. Cal. Apr. 1, 2011) (when examining prejudice based on alleged mailing to an incorrect address, court found significant that the litigant "never claim[ed] that he didn't receive the notice of his deposition").  Further, the Court fails to see how the alleged defects with the notice for Plaintiff's February 13, 2025, deposition impact his deposition on May 21, 2025.  Plaintiff is plainly aware of the pending deposition date.

Accordingly, having reviewed the April 11, 2025, Order and relevant filings, the Court finds that the Magistrate Judge's ruling was not clearly erroneous or contrary to law.  Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's Objections (ECF No. 155) are OVERRULED;

*////*

  2. The Magistrate Judge's April 11, 2025, Order denying Plaintiff's Motion for Sanctions and directing Plaintiff to sit for his deposition (ECF No. 151) is AFFIRMED;

  3. Plaintiff must participate in his deposition as ordered, and failure to do so may result in sanctions, including termination of this action; and

  4. This matter is referred back to the Magistrate Judge for all further pretrial proceedings.

 IT IS SO ORDERED.

Dated: **May 8, 2025**

                 /s/ Daniel J. Calabretta
                 Hon. Daniel J. Calabretta
                 UNITED STATES DISTRICT JUDGE