UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HILL, | No. 2:19-cv-1680-DJC-AC-P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff has filed Objections to this Court's Order overruling his objections to the Magistrate Judge's order directing him to sit for a deposition on May 21, 2025. (ECF No. 158.) Therein, Plaintiff urges the Court to reconsider its Order because, as he previously argued, he did not receive proper notice of his earlier February 13, 2025, deposition which he contends requires the Court to cancel his May 21, 2025, deposition. (*Id.*)

The Court will construe Plaintiff's Objections as a Motion for Reconsideration. A district court has inherent power to reconsider, rescind, or modify an order for sufficient cause. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *see also* Fed. R. Civ. P. 54(b) (authorizing a district court to revise an interlocutory order); E.D. Cal. L.R. 230(j) (authorizing motions for reconsideration of "any motion [that] has been granted or denied in whole or in part"). Generally, reconsideration is appropriate only

1

when controlling law has changed, new evidence has become available, or when necessary to correct a clear error or prevent manifest injustice. *Sch. Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 1990). Motions to reconsider are also "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998). Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quotations omitted).

Reconsideration is not warranted here, as Plaintiff has not cited a change in controlling law, presented new evidence, or demonstrated any clear error on the Court's part. Plaintiff instead recycles his argument that he did not receive sufficient notice of the February 13, 2025, deposition before it occurred. (ECF No. 158.) However, as this Court previously reasoned, Plaintiff's objections to this allegedly insufficient notice are now moot because Plaintiff attended the February 13, 2025, deposition. (*See* ECF No. 156 at 1–2.) Further, this Court still fails to see how the alleged defects with the notice for Plaintiff's earlier February 13, 2025, deposition impact his later deposition on May 21, 2025. (*Id.* at 2.) Accordingly, the Court declines to reconsider its Order.

Further, Plaintiff has filed a Motion to Stay these proceedings for 120 days while he appeals the Court's orders and seeks legal counsel. (ECF No. 157.) A district court's decision to grant or deny a stay is a matter of discretion. *Dependable Highway*

*Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Plaintiff has provided no compelling reason here to stay this case, and this request will be denied.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's Objections (ECF No. 158) are OVERRULED;
2. Plaintiff's Motion to Stay (ECF No. 157) is DENIED; and
3. This matter is referred back to the Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:     **May 28, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Hill19cv1680.MotReconsideration

3